Karl B. Schotte, Administrator of Charles T. Schotte, Appellant, *v.* William B. Meredith, Administrator of Frederick G. Schotte.

192  159
s197 500

*Vendor and vendee—Incumbrances—Mistake—Evidence.*

Where one brother agrees in writing to sell his interest in his father's estate clear of all incumbrances to another brother, the vendee agreeing to assume all debts due by the estate for which the vendor is liable, the testimony of the scrivener who drew the agreement is admissible to prove that it was the intention of the parties that the vendee should assume the payment of a mortgage upon the real estate, and that reference to the mortgage had been omitted in the written agreement by mistake. Declarations and admissions of the vendee, deceased at the time of the trial, are also admissible for the same purpose.

Argued Oct. 24, 1898. Appeal, No. 3, Oct. T., 1898, by plaintiff, from judgment of C. P. Armstrong Co., June T., 1896, No. 160, on verdict for defendant. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit upon an agreement to sell land. Before RAYBURN, P. J.

The facts appear by the opinion of the Supreme Court.

When John W. Rohrer, a witness for plaintiff, was on the stand, he was asked this question in chief:

"Q. State if F. G. Schotte knew of this mortgage of John Gilpin, which is entered against him for $1,425."

Mr. Reynolds, of counsel for defendant: We object to that as incompetent and irrelevant, more particularly irrelevant.

Mr. Patton, of counsel for plaintiff: We offer to show by the witness on the stand, that Frederick G. Schotte had knowledge of the mortgage of John Gilpin against him, dated March 31, 1881, for $1,425, being the same mortgage offered in evidence by the defendants, and recorded in mortgage book, volume 6, page 230, and that when he made this contract he assumed said mortgage; that it was the understanding of C. T. Schotte and F. G. Schotte, at the time the contract was made, that F. G. Schotte assumed the payment of the Gilpin mortgage, and that if said F. G. Schotte had not made such an agreement, the written contract would not have been made; and to show it

was a mistake of the scrivener that it was not expressly stated that F. G. Schotte was to pay the Gilpin mortgage, but that it was the understanding of the scrivener, as well as the parties to the contract, that under the clause, " that said F. G. Schotte agreeing to assume all debts due by said estate for which said C. T. Schotte may be now liable," it was intended to mean, and the parties at the time so understood it to mean that F. G. Schotte was to pay the Gilpin mortgage in addition to his $2,000, for the purpose of showing that it was the fault of F. G. Schotte that this property was sold under a mortgage, and that if he had protected the farm against the mortgage, according to his real contract, said sale would not have taken place, and that if the title was divested upon a sale upon the mortgage, it was by reason of the default of F. G. Schotte in not keeping his contract.

Mr. Leason, of counsel for defendant: It is the plaintiff's case in chief, and the testimony offered to vary the terms of the written agreement is irrelevant and incompetent; plaintiff has sued upon the contract as written, and cannot now attack his own case.

The Court: We will sustain the objection, and on request of plaintiff, exception allowed and sealed. [1]

Mr. Patton: We now offer to prove by John W. Rohrer, Esq., the witness on the stand, that he was the scrivener who drew the agreement marked exhibit No. 1, and that by accident or mistake it was left out of said agreement that F. G. Schotte was to assume and pay the mortgage of John Gilpin, for the purpose of showing that if F. G. Schotte had complied with his contract the farm would not have been sold on the mortgage, and that the loss of the land was by reason of the default of F. G. Schotte.

Mr. Leason: The proposition is objected to as incompetent and irrelevant; the parties to the contract having died, and more than eleven years having elapsed since the execution, and the plaintiff having offered the contract in evidence as written in his case in chief, and not having mentioned any allegation of mistake, fraud, accident or ambiguity, it is too late now to attack the contract in evidence.

The Court: We will sustain the objection, and on request of plaintiff, exception allowed and sealed. [2]

Mr. Patton: We offer to prove by Mrs. G. A. Schotte that she had a talk with F. G. Schotte after he had made the contract of February 23, 1886, and that he told the witness that he had assumed all the debts of C. B. Schotte and C. T. Schotte, and that he was paying $2,000 for the undivided one-third interest of C. T. Schotte; this for the purpose of showing that under the contract it is the duty of F. G. Schotte to pay off all the debts; and if the property was sold by reason of said debts, it was the fault of F. G. Schotte, and he cannot set up such sale as defense for his breach of contract.

Mr. Leason: The offer is objected to as incompetent and irrelevant, there being no such covenants contained in the contract, nor in the statement filed by the plaintiff.

The Court: The objection is sustained, and on request of plaintiff, exceptions allowed and sealed. [3]

Mr. Patton: We offer to prove by George Rudolph that he was acquainted with F. G. Schotte; that after his purchase of the real estate of C. T. Schotte he, the witness, had a conversation with F. G. Schotte, in which Mr. Schotte told him that in his agreement with C. T. Schotte, he had assumed the Gilpin mortgage, and that he would pay it off.

Mr. Leason: Objected to as incompetent and irrelevant.

The Court: We will sustain the objection, and on request of plaintiff, exception allowed and sealed. [4]

The court gave binding instructions for the defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–4) rulings on evidence, quoting the bill of exceptions; (5, 6) in giving binding instructions for the defendant.

*W. D. Patton*, for appellant.—Where there is an ambiguity in the written contract, or where another part of the agreement was in fact made at the same time, but was omitted from the writing by mistake, parol evidence is admissible to show what the real contract was between the parties: Caley v. R. R. Co., 80 Pa. 363; Wolf v. Wolf, 158 Pa. 621; Selden v. Williams, 9 Watts, 9.

The defendant could not arbitrarily hold the land and refuse to pay the purchase money: Hampton v. Speckenagle, 9 S. &

R. 211; Cassell v. Cooke, 8 S. & R. 268; Espy v. Anderson, 14 Pa. 308; Weaver v. Zimmerman, 3 W. N. C. 56; Clark v. Clark, 1 Grant, 33.

*Ross Reynolds*, with him *M. F. Leason*, for appellee.—The tendency of the later decisions is towards restricting the right to vary a written instrument by parol, and we doubt whether the court would be justified in permitting it to be raised, even under proper pleadings, where the parties to the contract had been long dead, upon the testimony of a scrivener, more than eleven years after the execution of the instrument. However this may be, under the pleadings in this case the court below was clearly right in overruling the offer: Hunter & Springer v. McHose, 100 Pa. 38; Renshaw v. Gans, 7 Pa. 119; Heebner v. Worrall, 38 Pa. 376; Clark v. Partridge, 2 Pa. 13; Fox & Stratton v. Foster, 4 Pa. 119; Fisher v. Deibert, 54 Pa. 460; Rearick v. Rearick, 15 Pa. 66; Frey v. Heydt, 116 Pa. 601.

The purchaser is not bound in any event to remove an incumbrance before purchase money is due: Dentler v. Brown, 11 Pa. 299.

Covenant against incumbrance is broken as soon as incumbrance exists: Wilson v. Cochran, 46 Pa. 229; Memmert v. McKeen, 112 Pa. 315; Withers v. Baird, 7 Watts, 227; Moore v. Shelly, 2 Watts, 256; Hampton v. Speckenagle, 9 S. & R. 211; Gans v. Renshaw, 2 Pa. 34; Evans v. Taylor, 177 Pa. 286; Thompson v. Carpenter, 4 Pa. 132.

Courts of equity will not compel specific performance unless vendor can make marketable title: Nicol v. Carr, 35 Pa. 381; Speckman v. Forepaugh, 44 Pa. 363; Holmes v. Woods, 168 Pa. 530; Herzberg v. Irwin, 92 Pa. 48; Murray v. Ellis, 112 Pa. 485; Mitchell v. Steinmetz, 97 Pa. 251.

OPINION BY MR. JUSTICE McCOLLUM, July 19, 1899:

This is an action of assumpsit on a contract between C. T. Schotte and F. G. Schotte by which the former, on February 23, 1886, agreed, in consideration of $1.00 in hand paid and $2,000 payable at any time within ten years from April 1, 1886, with interest at six per cent, to convey to the latter, his heirs and assigns, on or before the last mentioned date, in fee simple and clear of all incumbrances, his undivided one-third interest in

the farm commonly known as Humboldt farm, and in all the personal property then on said farm, including stock, grain, implements, etc. The contract contained, inter alia, a stipulation in the words following, to wit: "The said F. G. Schotte agreeing to assume all debts due by said estate for which the said C. T. Schotte may be now liable." The parties to the contract were sons and heirs of C. B. Schotte who died on March 26, 1884, seized of said farm, and intestate. F. G. Schotte, purchaser of the interest of C. T. Schotte in the real and personal property above mentioned, took possession of said farm and renewed the insurance upon the buildings and other property thereon in the name of G. A. and F. G. Schotte, loss if any, to be paid to F. G. Schotte.

F. G. Schotte died on April 25, 1886, and C. T. Schotte, on February 23, 1889, brought suit against the administrator of his estate for the money called for by the contract, which suit was dismissed on the ground that it was premature : Schotte v. Meredith, 138 Pa. 165. C. T. Schotte died on August 29, 1893, and on April 15, 1896, his administrator instituted the present suit. On the trial of it the jury found for the defendant by direction of the court. It is stated in the appellant's history of the case, and not denied by the appellee, that the ground of the direction to find for the defendant was that the vendor was bound by his contract to convey his interest clear of all incumbrances and that he had failed to do so.

The appellant contended and offered to prove on the trial that it was the understanding of the contracting parties that F. G. Schotte was to assume all debts of the estate of C. B. Schotte, deceased, for which the interest of C. T. Schotte therein was liable, including the Gilpin mortgage; that the stipulation to which we have already referred was intended by them to express that understanding and that its failure to do so was attributable to the mistake of the scrivener in not expressly stating therein that F. G. Schotte was to pay the Gilpin mortgage. The witness by whom the appellant proposed to prove that it was agreed by the parties that F. G. Schotte should assume and pay the Gilpin mortgage was the scrivener who wrote the contract between them, and by whom it was also proposed to prove that his omission to specifically mention in the stipulation the agreement respecting the payment of the mort-

gage was a mistake. That the witness was competent and disinterested was undisputed. The appellant also offered to prove declarations and admissions of F. G. Schotte clearly and positively corroborative of the agreement claimed by the appellant. The evidence offered was rejected by the court, and in the rejection of it we think there was error which calls for a reversal of the judgment.

The assignments of error are therefore sustained.

Judgment reversed and venire facias de novo awarded.