**International Union of Operating Engineers, Local 542, District 4, Federal Credit Union v. Beaver, Jr.**

*Arthur M. Feld,* for plaintiff.

*William Harvey Wiest,* of *Wiest & Younkin,* for defendants.

KIVKO, P. J., April 3, 1974.—This matter is before us on plaintiff's preliminary objections to defendants' counterclaim in the nature of a motion to strike and a petition raising the defense of a misjoinder of a cause of action.

Plaintiff, the International Union of Operating Engineers, Local 542, District 4, Federal Credit Union (Credit Union), filed a complaint in assumpsit against defendants, Frank M. Beaver, Jr., and Florence Beaver, for the recovery of the balance alleged to be due on a note executed and delivered by defendants on March 20, 1971, for money loaned by plaintiff.

Defendants filed an answer setting forth a counterclaim. The counterclaim alleges that Frank M. Beaver, Jr. (Beaver), one of the defendants, was a member of and was employed through the International Union of Operating Engineers, Local 542, District 4 (International Union) from April 1971 until May 1971; that in May 1971, the International Union went on strike for approximately 10 weeks; that upon the termination of the strike, the International Union did not recall him to work, although members of the International Union junior to him in position were recalled; and that, as a result, he lost substantial earnings during the last four months of 1971. It is further alleged that defendants were encouraged to make the loan by virtue of Beaver's employment through the International Union; that his employment was unilaterally terminated by the International Union; that the Credit Union, a corporation, is the corporate arm of the International Union, an unincorporated association; and that, therefore, defendant is entitled to recover the amount of the counterclaim against the credit union.

Plaintiff filed the preliminary objections above referred to.

Pennsylvania Rule of Civil Procedure 1031 (a)

provides that a "defendant may set forth in the answer under the heading 'Counterclaim' any cause of action or setoff which he has against the plaintiff at the time of filing the answer."

Defendants have not alleged that the International Union has acted as plaintiff's agent. They, however, construe the common bonds of membership in the International Union and the Credit Union and the alleged parent-subsidiary relationship of the two organizations as sufficient to hold plaintiff corporation liable, if there is any liability, for the conduct of the unincorporated association. Solely on the basis stated, they seek to take away from plaintiff its corporate identity and corporate attributes and hold it responsible for acts which it did not authorize and which were not made in its behalf.

The corporate veil is not easily pierced. Mr. Justice Roberts, speaking for the Supreme Court in Wedner Unemployment Compensation Case, 449 Pa. 460, 464 (1972), said: "The law is well settled in this Commonwealth as to when the corporate existence may be denied. As this Court held in Sams v. Redevelopment Authority, 431 Pa. 240, 244, 244 A.2d 779, 781 (1968): 'The corporate entity or personality will be disregarded only when the entity is used to defeat public convenience, justify wrong, protect fraud or defend crime.' " See also Zubic v. Zubic, 384 F. 2d 267, 273 (3d Cir. 1967).

Defendants have not alleged the existence of any of these exceptional circumstances which would justify a departure from the general rule that the corporate entity should be recognized and upheld. The creation of a credit union such as plaintiff corporation is specifically authorized by the Federal Credit Union Act of June 26, 1934, 48 Stat. 1216, 12 U. S. C. §1751, et seq., as amended. In the language of the statute, it

is a "cooperative association . . . for the purpose of promoting thrift among its members and creating a source of credit for provident or productive purposes." These purposes may not be defeated by a claim such as that asserted in defendants' counterclaim.

We, therefore, enter the following

## ORDER

And now, April 3, 1974, the preliminary objections of plaintiff to the counterclaim of defendants are hereby sustained. Defendants are allowed 20 days within which to file additional pleadings.