## Epstein v. Commonwealth

236

*Roy W. Feinstein,* for Commonwealth.
*David N. Bressler,* for condemnees.

PRATTIS, *J.,* January 29, 1976—After proceedings before the board of view, the condemnees have taken four appeals and filed preliminary objections pursuant to the Act of June 22, 1964 (Spec. Sess.) P. L. 84, 26 PS §1-517. Each appeal concerns a separate tract of land and the question raised preliminarily under the above caption, was raised in all four appeals. That question is whether or not the four tracts of land should be treated as one for the purpose of considering the amount of damages due the condemnees. The four tracts of land involved in the various appeals shall be described by their plot numbers, which are 492, 499, 501 and 504. The

board of view considered the four tracts as separate parcels in assessing damages.

The condemnees' argument is based on 26 PS §1-605, which provides:

"Where all or a part of several contiguous tracts owned by one owner is condemned or a part of several non-contiguous tracts owned by one owner which were used together for a unified purpose is condemned, damages shall be assessed as if such tracts were one parcel."

Thus, there are two situations in which several tracts shall be assessed as if they were one parcel: (1) Where the tracts are contiguous and owned by one owner; or, (2) Where noncontiguous tracts owned by one owner are used together for a unified purpose.

It is not contested that plot numbers 499, 501 and 504 are contiguous, and if those three tracts can be said to be "owned by one owner," they should be grouped together for the purpose of assessment of damages under section 1-605. It is clear that the record owners of tracts 499 and 504 are E. Epstein, et ux., S. Epstein, et ux., and Reuben Schnee, et ux. However, the owner of tract 501, of record, is "Ruth Schnee, Miriam Epstein and Sol Epstein."

The condemnees argue that the record ownership of 501 is incorrect due to scrivener error "or other mistake" which they claim would have been reformed by corrective deed had they been aware of same prior to condemnation. Condemnor argues that record ownership of parcels must be identical, citing Sams v. Redevelopment Authority, 431 Pa. 240, 244 A.2d 779 (1968).

By way of depositions, the condemnees have put forth evidence that all *four tracts* are actually owned by a partnership comprised of Edward Ep-

stein and his wife, Miriam, Saulis Epstein and his wife, Anna, and Reuben Schnee and his wife, Ruth. The condemnees' evidence clearly reveals that tract 501 was treated precisely the same way as the other tracts. The partnership has a bank account in its name, into which income from all four tracts has been deposited, and from which expenses for all four tracts are paid. Further, the partnership files income tax returns in its name and, again in that regard, treats the proceeds and expenses in connection with tract 501 the same as the other three tracts. In addition, the partnership has purchased insurance in connection with tract 501, as well as the other tracts. Still further, the partnership, by lease signed by all six partners, has conveyed a leasehold interest in tract 501.

The condemnor has failed to produce any evidence, other than the deed, to indicate that tract 501 is actually owned by a group of people other than the six partners who are the record owners of the other three parcels. It is well established that parol evidence is admissible to prove a mistake in the naming of a grantee in a deed: Dexter v. Billings, 110 Pa. 135, 1 Atl. 180 (1885). It is also permissible to show the mistakes of a scrivener: Schotte v. Meredith, 192 Pa. 159, 43 Atl. 952 (1899). While parol evidence must be "clear and convincing" to establish a mistake, the court finds, in the absence of any evidence put forth by the condemnor, that the evidence clearly shows that tract 501 was actually "owned" by a partnership whose members are also the owners of tracts 499 and 504. The court finds persuasive that section 1-605 does not require identity of "record" ownership or identity of "title," but rather that the parcels are "owned by one owner." If the legislature meant

"title" or "record" ownership to be the equivalent of ownership, it would doubtlessly have said so.

In Sams, supra, the Supreme Court set forth the standard for the determination of whether two parcels are "owned by one owner" in stating:

"[W]e are firmly convinced that recovery has never been permitted [in this Commonwealth] under the unity of use doctrine absent *joint identical users of both parcels of land*" 431 Pa., at 243 (Emphasis supplied.)

In Sams, supra, the court was asked by the condemnees to look behind a corporate structure which they themselves created in order to find identical ownership and this the court properly would not do. See 431 Pa., at 244-454, 244 A.2d, at 781-82. Of course, this issue is not presented in the instant case and the court finds that the three contiguous parcels, 491, 501 and 504 have "joint identical users" and should be treated as one parcel for the assessment of the amount of damages due the condemnees according to 26 PS §1-605.

As to the remaining parcel, 492, the record establishes that it is not contiguous with the other parcels. The question for decision is whether that parcel, along with the others, is "used together for a unified purpose." In Sams, supra, the Supreme Court also spoke to the definition of unity of use in stating:

". . . implicit in the definition of unity of use is the connotation that both parcels are so completely integrated, inseparable and interdependent as to make the operation of one impossible without the operation of the other." 431 Pa., at 243.

The theory behind the unity of use doctrine, of course, is that where the lands condemned are inseparably connected in use, the injury, by condem-

nation, to one must necessarily and permanently injure the other. See Morris v. Commonwealth, 367 Pa. 410, 80 A.2d 762 (1951). The record in the instant case indicates that parcel 492 is a public parking lot, parcel 499 was an office building, and parcel 504 was used as an auto service garage. Referring to the aforementioned authorities concerning unity of use, it seems clear that these three parcels are not so "completely integrated, inseparable and interdependent as to make the operation of one impossible without the operation of the other."

In light of the foregoing, the court enters the following

## ORDER

And now, January 29, 1976, it is hereby ordered and decreed that parcels 499, 501 and 504 be treated as if such tracts were one parcel for the purpose of assessing damages.

It is further ordered and decreed that parcel 492 be treated as a separate parcel for the purpose of assessing damages.