## Data-Tron, Inc. v. Preferred Data Processing, Inc.

*Ann B. Wood*, for plaintiff.

*Gregory M. Kruk, George L. Daghir* and *Anthony S. Guido*, for defendants.

REILLY, *P.J.*, May 14, 1981—This matter comes before the court upon preliminary objections in the nature of a demurrer filed by defendants David Caldwell and Robert O. Harris. This action arises out of the sale by plaintiff of certain computer terminals, products and equipment to one of defendants, Preferred Data Processing, Inc. Complaint was filed in assumpsit by plaintiff and twice amended. Preliminary objections were filed on behalf of both defendants raising a demurrer, lack of capacity to sue and a motion for more specific pleading. Argument before this court was held August 22, 1980 on these issues and the court directed the parties to file briefs on the single issue of the preliminary objections raising a demurrer.

The issue here to be decided then is whether the complaint shows with certainty that the law will not permit a recovery by Data-Tron thereby entitling defendants to summary judgment based on their demurrers. The standard to be applied in deciding whether a demurrer should be granted is clear in this Commonwealth. The case of Gekas v. Shapp, 469 Pa. 1, 5, 364 A. 2d 691, 693 (1976), gives an excellent summary of the present state of the law in Pennsylvania:

"The standards for sustaining preliminary objections in the nature of a demurrer are quite strict. A demurrer admits every well-pleaded material fact set forth in the pleadings to which it is addressed as well as all inferences reasonably deducible therefrom but not conclusions of law. [Citations omitted.] In order to sustain the demurrer, it is

essential that the plaintiff's complaint indicate on its face that his claim cannot be sustained, and the law will not permit recovery. [Citations omitted.] If there is any doubt, this should be resolved in favor of overruling the demurrer. [Citation omitted.]"

Also, according to 2 Goodrich-Amram 2d §1017(b):1: "Where a doubt exists as to whether or not summary judgment should be entered, this should be resolved in favor of refusing to enter it."

In the present case, plaintiff's complaint names defendants Caldwell and Harris in paragraphs 23-29 and 30-35. These paragraphs simply allege that Caldwell was six percent shareholder and president of the corporation and that Harris was also a six percent shareholder. It also alleges that Caldwell and Harris treated the corporation as a privately owned and operated business under the majority control of another defendant, Roger Magland, who was the 88 percent shareholder and thus the corporate veil should be pierced to find them individually liable.

In regard to "piercing the corporate veil," the courts of Pennsylvania have held that the corporate entity will not be lightly disregarded and will not be pierced unless it is being used to "defeat public convenience, justify wrong, protect fraud or defend crime." Sams v. Redevelopment Authority, 431 Pa. 240, 244, 244 A. 2d 779 (1968). Plaintiff's complaint does not allege that defendants Harris and Caldwell were using the corporate entity to mask such fraud or wrongdoings. The complaint merely alleges that Data-Tron sold certain machines to defendant-corporation Preferred Data Processing, Inc., and were not paid for these materials as called for by the purchasing agreement.

Also, plaintiff shows no duty owed by defendants

Caldwell and Harris to plaintiff. They argue that the Business Corporation Law of May 5, 1933, P.L. 364, as amended, 15 P.S. § 1408, creates such a duty but defendants correctly refute that claim in their brief pointing out that this section refers to a duty owed by directors and officers to the corporation for which they work. This would create no duty to third parties such as Data-Tron.

Based upon the facts averred and reasonable inferences therefrom, plaintiff has failed to establish a cause of action against defendants Caldwell and Harris, and therefore, the court enters the following

### ORDER

Now, May 14, 1981, it is the order of this court that preliminary objections in the nature of a demurrer filed by David Caldwell and Robert O. Harris, defendants above-named, be and are hereby sustained.