**In Re: Condemnation by the Commonwealth of Pennsylvania of Property of Beverly Estates, Inc.**

*H. Walter Rago* and *Theodore A. Adler*, for Commonwealth.

*James Hinely*, for Intervener.

BUCKWALTER, *J.*, July 21, 1981—Now before the court is a petition to intervene filed by Murry Development Corporation, and a request by both parties for a pretrial determination of the issue of unity of use.

This dispute arose from the filing of a declaration of taking on September 14, 1976. The tract at issue contains 7.29 acres, and at the time of taking was a part of a larger tract owned by Beverly Estates, Inc.

On August 8, 1978, Murry Development Corporation filed a voluntary substitution as successor in interest of Beverly Estates, Inc. Hearings were held before the board of view on August 8, 1978, and March 1, 1979, and their report and award was filed in this court on June 25, 1979. Both the Commonwealth of Pennsylvania and Murry Development Corporation have appealed the board's decision. As a part of these appeals, they ask that we make a preliminary determination as to whether the land in issue was a part of one tract or a three-tract parcel. The board had determined that the three tracts shuld be considered as one for the purpose of assessing value in this case.

On August 27, 1980, Murry Development Corporation filed a petition to intervene alleging that the

property subject to the taking was the subject of a joint venture agreement both prior to and at thetime of the declaration of taking. The Commonwealth filed an answer and new matter on Septeber 8, 1980, and a hearing was held before this court on February 6, 1981. The issue of whether or not Murry Development Corporation should be permitted to intervene is also before the court at this time.

The three contiguous tracts were owned by Beverly Estates, Inc., Suburban Builders Supply Corporation, and E. E. Murry Construction Company. Mr. Murry was the President and majority if not sole shareholder of all three corporations. At the hearing, Murry testified that he employed the use of these corporations in purchasing the three tracts for financial reasons, and in some instances to avoid having the Murry name recognized or associated with the buyer.

The acreage that is involved in the taking is located in Manor Township, and was titled in the name of Beverly Estates, Inc. and the other two tracts were acquired by the Murry Development Corporation in 1976. The testimony reveals that while an agreement of merger was executed on November 30, 1976, the articles of merger were not executed until December 1, 1977 and some titles remained outstanding until 1979.

Section 605 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, as amended, 26 P.S. § 1-605 provides that,

[w]here all or a part of several contiguous tracts owned by one owner is condemned or a part of several non-contiguous tracts owned by one owner which are used together for a unified purpose is condemned, damages shall be assessed as if such tracts were one parcel.

Murry argues that the board of view was correct in applying this section to the present case in that these three contiguous tracts were acquired as part of a joint venture, and that he at all times intended that they be combined for Planned Residential Development.

The Commonwealth disagrees with the board of view's decision, in this regard, and asks that, due to the three separate corporate owners and the zoning laws associated with these tracts, we determine that the land be appraised solely as a part of the Beverly Estates tract.

In Sams v. Redevelopment Authority, 431 Pa. 240, 243, 244 A. 2d 779, 781 (1968), our Supreme Court held that,

. . . the very concept of unity of use, in our view, dictates that there be identical users as well as identical ownership of the properties involved. It is difficult to conceive that a unity of use can exist when there are two separate and distinct legal entities operating each parcel of land.

The Sams case involved a corporation and a partnership, both of which were solely owned by two individuals. Although the factual situation is not identical, we believe the court's interpretation of the applicable law is controlling.

It is clear in this case, as it was in Sams, that,

. . . one cannot choose to accept the benefits incident to a corporate enterprise and at the same time brush aside the corporate form when it works to their (shareholders') detriment. The advantages and disadvantages of the corporate structure should be seriously considered and evaluated at the time such organization is contemplated and after incorporation has been selected, the shareholders cannot be heard to argue that the courts should not

treat them as a corporation for some purposes and as a corporation for other purposes, whichever suits their present economic interest: Sams, supra, at 245, 244 A. 2d 781.

Therefore we cannot conclude that the three separate corporations involved in this case represent a single owner.

Murry also asks that we grant his petition to intervene. That petition avers that at the time of the declaration of taking, the other two corporations were persons with interests in said property by virtue of a joint venture agreement. Unfortunately the testimony at the hearing before this court did not support this allegation, or the others based upon the theory of joint venture. Pa.R.C.P. No. 2329 provides that,

[u]pon the filing of the petition and after hearing, of which due notice shall be given to all parties, the court, if the allegations of the petition have been established and are found to be sufficient, shall enter an order allowing intervention; but an application for intervention may be refused, if

(1) the claim or defense of the petitioner is not in subordination to and in recognition of the propriety of the action; or

(2) the interest of the petitioner is already adequately represented; or

(3) the petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties.

In this case the allegations have not been established by the evidence, the interest of the petitioner is already adequately represented by virtue of the make-up of the companies involved, and almost four years have lapsed since the declaration of taking. Although we do not presume to base our

decision solely on any one of these grounds, when taken as a whole they provide this court with adequate reasons for refusing to allow intervention.

Accordingly we enter the following.

## ORDER

And now, July 21, 1981, the court directs that the condemned land for purposes of the trial in this matter be considered only as part of the tract purchased by Beverly Estates, Inc., and not as part of a single tract of land composed of the contiguous tracts purchased by Beverly Estates, Inc., Suburban Builders Supply Corporation and E. E. Murry Construction Company. The court also denies the petition to intervene.