**In Re: Condemnation of Two Parcels of Land of Morio & Thomas Land Development Co. In Straban Township**

*Charles Wolf,* for plaintiff.
*William Neff, Jr.* and *Robert Tetter,* for defendants.

CHERRY, *S.J.*, April 24, 1984—This matter is before us upon exceptions to the master's report and his review of exceptions filed by certain judgment creditors.

In this case, and on February 15, 1982, the Gettysburg Municipal Authority (hereinafter, authority) condemned three parcels of land described on Exhibit B of the Declaration of Taking for water system purposes. Parcels 1 and 2 were owned in fee simple by Morio and Thomas Land Development Company, Inc., (hereinafter "Morio and Thomas") by deed from U.S. Heritage, Inc., dated October 3, 1980 and recorded on February 3, 1982. Parcel No. 3 was owned in fee simple by U.S. Heritage by deed dated November 30, 1970. Parcel Nos. 1 and 2 were condemned in fee simple and Parcel No. 3 was condemned to the extent of creating a permanent easement for water lines.

On March 25, 1982, Morio and Thomas, U.S. Heritage, Inc., and the authority entered into a Comdenation Agreement setting the amount of damages for the condemned parcels at $50,000, which agreement did not apportion damages between Morio and Thomas and U.S. Heritage, Inc.

On April 8, 1982, the authority filed a petition to distribute damages, which listed in Schedule B the judgments and liens of record against the condemned parcel. The petition was referred to a Master for determination of the proper distribution of damages. After a hearing, the master filed a report finding that the condemnation was not a partial taking as defined in Section 521 of the Eminent Domain Code (26 P.S. §1-521) and ordered distribu-

tion of the proceeds to pay (1) the Master's fees and costs, (2) a school tax lien and (3) "lien creditors in order of priority." (Emphasis supplied.)

Exceptions to the master's report were filed by C. C. Kottcamp & Son, Inc., C. J. Beshore & Sons, Inc., C. J. Beshore Associates, Inc., Otto Scheib Co., and Brocker Manufacturing & Supply Co., Inc., (hereinafter collectively referred to as exceptants), which allege, inter alia, that the master erred in failing to find that the condemnation was a "partial taking", that no portion of the compensation is required to be awarded to the comdemnees and that damages be distributed on a lien priority basis.

On September 12, 1983, the master reviewed and dismissed the exceptions. Within ten days exceptions to the report of master and the master's review of exceptions were filed by exceptants.

The following issues were raised: (1) Whether the damages from a condemnation should be distributed to lien creditors on a lien priority basis. (2) Whether U.S. Heritage waived any claim for damages. (3) Whether the unity of "use doctrine" is inapplicable to a decision involving distribution of a condemnation award. (4) Whether the negotiations leading to the agreement on the amount of damages are irrelevant. These will be considered herein ad seriatim.

Exceptants first claim that in the event of a partial taking, the damages from a condemnation should be distributed to lien creditors on a pro rata basis. Their argument is based upon the provisions of the Eminent Domain Code, 26 P.S. §1-521, which requires that where there is a partial taking, damages must be distributed on a pro rata basis to all judgment lien creditors. However, exceptants failed to establish a proper foundation in support of such a conclusion. Furthermore, the taking of the two par-

cels of land of Morio and Thomas was in fee simple, *ie*. a taking in whole. Thus, exceptants argument is inapplicable to these circumstances.

Nothing in the applicable statute states that it was the intent of the legislature to alter the procedure of paying creditors in the order of filing priority. There is also no reasons stated for a difference in the method of distribution of damages dependent upon either a full or partial taking. Exceptants assert that lien creditors prior in right, if the creditors receive a pro rata portion of judgment, will retain an interest once there is a partial taking. This assertion, however, does not warrant the payment of damages to those creditors lesser in priority. Such creditors perfected their respective liens later in time and thus assume the risks of the lower priority position. To distribute damages, otherwise, as declared by the master, would be contrary to the requirements of the lien priority law.

The second issue to be addressed is whether any claim to damages by U.S. Heritage was waived. As previously stated, the taking of the land of Morio and Thomas was in fee simple, a full taking. The two independent parcels were acquired in 1980 whereas the other parcel was acquired in 1977. U. S. Heritage's taking of the land was partial thereby retaining all rights to that property with regard to the easement and ownership of the land upon which the easement lies.

Under § 1-521, U.S. Heritage may assert a right to a portion of the damages. Although U.S. Heritage attended the master's hearing, it failed to submit a claim and therefore waived this right. Furthermore, it failed to file a claim or submit a brief as requested by the Master prior to issuance of his report. U.S. Heritage further failed to file exceptions to the master's report or to his review of exceptions. U.S. Heri-

tage, by failing to assert its right, has waived it. This conclusion is also applicable to Morio and Thomas if they believe a partial taking occurred.

The amount to which U.S. Heritage could be entitled had it asserted its claim is de minimus. The master, at hearing, stated that the outstanding liens on U.S. Heritage land is greater than the fair market value of the land. Exceptants did not request hearing on the value of the land within the period set by the master. Thus, exceptants also have waived this issue.

The master was correct in declaring that to award U.S. Heritage any portion of the damages would greatly hinder the security of all lienholders to the property since the value of the liens is greater than the value of the land itself.

Exceptants next assert that the Unity of use doctrine is applicable. They allege that the takings of the parcels of land are partial takings by asserting that their use is tied to their easements and previously purchased property. Under the Unity of use doctrine, damages are assessed for injury to several non-contiguous tracts owned by one owner and used together for a unified purpose. Damages are awarded not only for the property condemned but for any injury to the use.

Exceptants argue that this doctrine is applicable due to the fact that a private water source existed on one of the condemned tracts of land. Exceptants allege that the substitution of the public water source in place of a private water source does not alter the fact there was injury to the center parcel of land and the taking effected its market value. Exceptant's argument clearly evidences that the doctrine is applicable to the determination of damages. The amount of damages is not in dispute and therefore the Unity of use doctrine does not warrant consideration.

Assuming, arguendo, the doctrine extends to this situation, it nevertheless would be inapplicable to this case. Exceptants did not develop any evidence, at the master's hearing, with respect to the water source or valuation of the property nor presented any testimony that the parcels of land are so integrated, inseparable and interdependent so as to make the operation of one impossible without the operation of the other. See Sams v. Redevelopment Authority of New Kensington, 431 Pa., 240, 244 A.2d 779 (1968), Munchak v. Scranton Redevelopment Authority, 71 Lackawanna 89 (1969). Mere conjecture and speculation of the possible uses of property should not dictate distribution of damages. Exceptants also failed to show that the parcels previously owned by Morio and Thomas were used for any purpose whatsoever. The Unity of use doctrine theory is not supported by the law or the facts present before the master and is rejected.

Lastly, exceptants argue that the conduct and actions of the authority and the condemnees, Morio and Thomas and U.S. Heritage implies that the taking was a partial taking. Their argument however, are highly speculative theories and is no basis for overturning the master's report and the master's review of exceptions. Exceptants counsel did not solicit any testimony from the representative of U.S. Heritage at the hearing or his counsel regarding the intent behind the condemnation agreement. Although notified, Morio and Thomas and the authority were not represented at the master's hearing. All parties were in agreement with the amount of damages. Morio and Thomas and U.S. Heritage entered into the agreement and by failing to challenge the agreement, waived any right to a portion of the award and relegated the damage award to the liens of the creditors.

512

In view of the foregoing, we enter the following

ORDER

Now, April 24, 1984, exceptions are dismissed and the master's report and review are adopted and confirmed.