## GLEN LINCOLN, INC.

v.

## COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellant.

Commonwealth Court of Pennsylvania.

Argued Feb. 9, 1995.

Decided May 10, 1995.

Carl Vaccaro, Asst. Counsel In–Charge, for appellant.

William R. Hagner, for appellee.

Before SMITH and KELLEY, JJ., and KELTON, Senior Judge.

SMITH, Judge.

The Department of Transportation (DOT) appeals from an order of the Court of Common Pleas of Chester County that determined that the entire four-parcel, 5.806–acre tract owned by Glen Lincoln, Inc., must be used in calculating the value of DOT's condemnation of part of one of the parcels. DOT frames the issue as whether the trial court erred in finding a unity of use between property condemned by DOT and the other property owned by Glen Lincoln, where the condemned property was an unimproved, landlocked tract not in use at the time of condemnation.

In 1985 and 1986 Glen Lincoln acquired four parcels of real estate in East Whiteland Township (Township) near the intersection of Route 202 (a four-lane, limited access highway running roughly north to south) and Route 30 (running east to west) for purposes of combining them into one tract on which to construct a hotel. Three of the parcels are contiguous and are situated along the northern side of Route 30 east of Route 202. The fourth parcel, of 1.7 acres, is split, with 0.4 acres contiguous with the other three and the remaining 1.3 acres across Route 202.

The Township approved Glen Lincoln's land development plan for a 165–room hotel. The 1.3–acre portion across the highway was included in the plan's open space to calculate allowed density under the zoning ordinance. The 0.4 acres is used for parking and storm

water retention; the 1.3 acres is landlocked and unimproved.

After DOT filed its declaration of taking, Glen Lincoln petitioned for appointment of a board of viewers. When the parties could not agree whether the size of the property to be valued was 1.7 acres or the full 5.8 acres, they agreed to submit the issue to the trial court. The deposition of Michael S. Lehnkering, president of Glen Lincoln, was taken on September 1, 1993. The court found that all four of the tracts of land are owned and used by the same entity, Glen Lincoln, and that the tracts were all part of the approval of a common development scheme, and concluded that the doctrine of "unity of use" applies. The court therefore ordered that the entire 5.8 acres be used in determining the value of the taking, and DOT has appealed.[1]

Section 605 of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. § 1–605, relating to contiguous tracts and unity of use, provides: "Where all or a part of several contiguous tracts owned by one owner is condemned or a part of several non-contiguous tracts owned by one owner which are used together for a unified purpose is condemned, damages shall be assessed as if such tracts were one parcel."

DOT argues that the unity of use doctrine does not apply in this case, citing *Powley v. Department of General Services,* 158 Pa.Commonwealth 174, 178, 631 A.2d 743, 745 (1993). There this Court stated:

> Under the unity of use doctrine, two separate properties are treated as one for eminent domain purposes when they are so inseparably connected by the use to which they are applied that injury to one will necessarily and permanently injure the

other. *Werner v. Department of Highways,* 432 Pa. 280, 247 A.2d 444 (1968).

DOT quotes *Sams v. Redevelopment Auth.,* 431 Pa. 240, 243, 244 A.2d 779, 781 (1968), where the Supreme Court stated that "implicit in the definition of unity of use is the connotation that both parcels are so completely integrated, inseparable and interdependent so as to make the operation of one impossible without the operation of the other." The holding of *Sams,* as DOT notes, is the requirement that there be identical owners as well as identical users of the properties in question for the doctrine of unity of use to apply.

Further, in *Kossler v. Pittsburg, Cincinnati, Chicago & St. Louis Ry. Co.,* 208 Pa. 50, 57 A. 66 (1904), the Supreme Court ruled that the doctrine cannot apply where property taken was not being used at the time of condemnation.[2] DOT contends that because the property condemned was unimproved and landlocked and not in use, the unity of use doctrine cannot apply, and the inclusion of the condemned tract in the development plan as open space does not create a unity of use. Moreover, there is no evidence that the condemnation has affected operation of the hotel because the hotel use has continued exactly as it did before the taking; the condemned tract remained unused and was neither necessary nor required to operate the hotel; and any other landlocked, unimproved tract of open space would serve the purpose served by the condemned tract.[3]

Glen Lincoln maintains that the trial court correctly applied the unity of use doctrine to the four parcels, which were assembled and improved pursuant to the approved land development plan. The 1.3 acres condemned are a part of the 1.7–acre parcel that was combined with the three other parcels con-

1. The scope of this Court's review in eminent domain cases is limited to determining whether the trial court abused its discretion or committed an error of law and whether the findings and conclusions are supported by sufficient evidence. *Appeal of Waite,* 163 Pa.Commonwealth Ct. 283, 641 A.2d25, *appeal denied,* 539 Pa. 657, 651 A.2d 543 (1994).

2. Although Section 605 of the Code was enacted in 1964, the Supreme Court in *Sams* noted that

one commentator has pointed out that the section is merely a codification of existing case law. *Sams,* 431 Pa. at 243 n. 1, 244 A.2d at 780 n. 1.

3. The factual assertions of DOT are consistent with the undisputed deposition testimony of Mr. Lehnkering. The Court notes, however, that these matters are not within the scope of the limited factual findings that may be derived from the opinion of the trial court.

taining 4.1 acres and then developed according to the development plan.

The entire basis of DOT's argument is its assertion that the landlocked, 1.3–acre tract was not being put to any use at the time of condemnation. This Court agrees with the trial court, however, that the record clearly demonstrates that Glen Lincoln's land development plan was approved by the Township based upon its inclusion of the full 5.8 acres of land to be developed for construction of the 165–room hotel along with approved parking and other uses. The condemned tract was in "use" as open space by definition under the approved land development plan. The taking of the 1.3–acre tract necessarily and permanently altered that plan, so that operation of the hotel under the approved plan is no longer possible. In addition, the record here clearly shows proximity of the non-contiguous tracts and identity of the owners and users. *See Powley.*

Mr. Lehnkering admitted at deposition that the condemnation has not affected the day-to-day operation of the hotel. He asserted, however, that the loss of the 1.3 acres rendered the entire property nonconforming under the zoning ordinance and threatened an extension of fifty or more rooms that Glen Lincoln intended to build under an amendment to the ordinance, which was adopted before construction began and so permitted design of the existing structure to accommodate the extension. He stated that both factors would affect the selling price of the property. The trial court did not rely upon such considerations in reaching its conclusion. This Court concludes that such matters are relevant to the determination of damages but that the trial court correctly held that the taking that occurred necessarily affected the entire property. The order of the trial court is affirmed.

### ORDER

AND NOW, this 10th day of May, 1995, the order of the Court of Common Pleas of Chester County is affirmed.