# Barbara Gibson *v.* Fifth Avenue and High Street Bridge Company, Appellant.

*Eminent domain—Damages—Separate properties.*

Where a married woman inherits from her husband real estate abutting on a street, and subsequently purchases adjoining properties which abut on other streets, using the latter properties in the same way that they had been used by their former owners, these several properties will not be considered as one property, in a proceeding to assess damages for injuries caused by the construction of a public improvement in the street in front of the property which was formerly her husband's, and her damages will be confined to the property fronting on the street in which the improvements are constructed.

Argued Nov. 14, 1898. Appeal, No. 8, Oct. T., 1898, by defendants, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1895, No. 766, on verdict for plaintiffs. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Trespass for damages to real estate by the construction of a bridge on Fifth avenue in the city of McKeesport. Before COLLIER, J.

The facts appear by the opinion of the Supreme Court.

Defendant's points and the answers thereto among others were as follows:

1. In this action the plaintiff has no right whatever to recover any damages for any alleged injury done to that portion of her property described as fronting on Mulberry alley thirty-four feet, and extending back, preserving even width, a distance of seventy feet, because she holds the title thereto by a separate and distinct title from that under which she holds the portion of her property fronting 100 feet on Fifth avenue, and because as to forty feet in depth thereof, there lies between the said property and Fifth avenue, a lot of ground owned by one Morton, who alone has title to the middle of Fifth avenue, subject to the public right of way. *Answer:* Refused. [1]

2. The plaintiff is not entitled to recover any damages for any alleged injury done by the construction of the defendant's bridge to that portion of her property which fronts sixty feet on Water street, beginning at a distance of 120 feet from the corner of Fifth avenue and Water street, and extending back from Water street towards Fifth avenue a distance of seventy feet, because she holds title to the said piece of ground by a separate and distinct title from that under which she holds her frontage of 100 feet on Fifth avenue, and because in point of fact, said property is held, used, occupied and enjoyed by her separately and distinctly from that portion of her property which fronts upon Fifth avenue aforesaid. *Answer:* Refused. [2]

3. The said plaintiff is not entitled to recover for any damages alleged to have been done by the construction of defendant's bridge to that portion of her property fronting upon Water street, and occupied by a double two-story frame dwelling, beginning at a distance of about seventy-eight feet from

the corner of Fifth avenue and Water street, and the curtilage appurtenant to said house. *Answer:* Refused. [3]

4. The said plaintiff is not entitled to recover in this action any damages for any injury alleged to have been done by the construction of defendant's bridge to the house located in the middle of her property and the curtilage appurtenant thereto, because said house and curtilage do not front upon Fifth avenue, and having been upon the ground and by its use and occupation separated from her general property. *Answer:* Refused. [4]

Verdict and judgment for plaintiff for $6,800. Defendant appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*E. P. Douglass,* with him *J. S. Ferguson* and *H. H. Swaney,* for appellant, cited Penna. R. Co. v. Marchant, 119 Pa. 541; McCutcheon v. Pittsburg Junction R. R. Co., 7 Atl. Rep. 146; Penna. R. Co. v. Duncan, 111 Pa. 352.

*Johns McCleave,* with him *W. B. Rodgers* and *D. T. Watson,* for appellee, cited Lewis on Eminent Domain, sec. 475; 3 Elliott on Railroads, sec. 990; Melon Street, 182 Pa. 404.

OPINION BY MR. JUSTICE WILLIAMS:

This was a proceeding to recover damages alleged to have been sustained by the plaintiff by reason of the erection of an approach to the defendant's bridge over the Youghiogheny river in the city of McKeesport. The bridge began in Fifth avenue. It was supported for a little distance by a solid pier of masonry occupying twenty-seven feet out of the sixty feet which was the breadth of the street, but as soon as the height of the bridge or approach was sufficient to admit the passage of teams underneath it, iron columns were substituted for the masonry, and the approach was wholly sustained by these columns. Water street and Mulberry alley which bounded the plaintiff's property on the east and west crossed Fifth avenue under the approach, and the elevation in front of plaintiff's property was from about nine feet to near eleven feet above the surface of Fifth avenue. The property which the plaintiff claims to be damaged by the

building of the approach consists of a lot fronting on Fifth avenue, extending from Mulberry alley to Water street, with buildings thereon opening on Fifth avenue; one or more lots fronting on Water street with three buildings thereon, and one lot fronting on Mulberry alley with a frame house thereon. The lot fronting on Fifth avenue had been owned by her husband in his lifetime. The lots on Water street and Mulberry alley she had purchased subsequently as an investment.

Her right to recover damages done to her Fifth avenue property by the approach is not denied, but her right to recover for her property on Mulberry alley and Water street is seriously disputed; and upon the question so raised the contest was made in the court below at the trial, and is now made here upon this appeal. The purchase and subsequent use of the lots not fronting on Fifth avenue might have made the entire block a single piece of property with a frontage on Fifth avenue, or they might have left them wholly distinct in use, though contiguous, as they were before the purchase of them by the plaintiff. What was the result in this case must depend upon what the purchaser actually did with them after her purchase. If the front building had been a manufactory, and she had purchased the Water street and the Mulberry alley lots to enlarge the capacity of her factory, and so remodeled them and connected them with the original building as to make one business plant of the whole, she could have well insisted that she had changed the use and character of the property she had purchased, and practically and permanently annexed it to her original Fifth avenue property. But the property was dwelling house property held for rental by its owners before she bought it. It has been held by her for the same uses since she acquired title. She may find it more convenient to supply these houses with water by a connection with her Fifth avenue supply pipes, but this does not change the use of the houses so supplied, or make them any more a single property than if each house had its independent supply connecting directly with the mains.

The defendant company brought the attention of the learned judge to the question they sought to raise by a series of points in which he was asked to instruct the jury that the plaintiff could not recover damages for her Water street and Mulberry alley properties, because she acquired and held them "by a

separate and distinct title " from her frontage on Fifth avenue, and " because in point of fact said property is held, used, occupied and enjoyed by her separately and distinctly from that portion of her property which fronts upon Fifth avenue aforesaid." This instruction was refused. The jury was in effect told that neither the fact that she held these properties by a distinct and separate title nor the additional fact that " said property is held, used, occupied and enjoyed by her separately and distinctly " from her frontage on Fifth avenue, could prevent her from treating all her purchases as constituting a single piece of property fronting on the same street. This was a mistake. The evidence fully justified the point. It showed that the use of her dwelling on Water street and Mulberry alley was quite as independent and distinct from that of her property on Fifth avenue as it was before she purchased it, or as it would have been if the title had never passed from the original owners to her. There was no evidence upon which this question should have been submitted to the jury, and its submission was a mistake that requires us to reverse the judgment. The property upon Fifth avenue was injured to some extent by the approach to the bridge, and for this injury her right to recover was clear; but the purchase of property on Water street, or on Mulberry alley, with a view to a rental of such piece of property in the same manner that it had been rented by the former owner, gave her no right to recover damages done to such property beyond that which would have existed if she had never become the owner of it. Upon this question the assignments of error are sustained, the judgment is reversed and a writ of venire facias de novo is awarded.

PER CURIAM, May 24, 1899:

The opinion, of which the above is a copy, having been written by Mr. Justice WILLIAMS to whom the case was assigned, was read in consultation and approved but, owing to his sickness and absence, was not filed. The same is now adopted and filed as the opinion of the Court.