Morris *v.* Commonwealth, Appellant.

Argued March 19, 1951. Before Drew, C. J., Stern, Stearne, Jones, Bell, Ladner and Chidsey, JJ.

*Ralph W. Peacock*, with him *Charles J. Margiotti*, Attorney General, *Phil H. Lewis*, Deputy Attorney General, *Joseph C. Laws, John R. Rezzolla, Jr.*, and *Thomas C. Evans*, for appellant.

*Howard F. Carson*, for appellee.

Opinion by Mr. Justice Chidsey, May 23, 1951:

Following condemnation by the Commonwealth of a portion of the land of Perry F. Morris, appellee, for the relocation of a highway, viewers awarded him damages in the sum of $4,500. The Commonwealth appealed and a jury awarded damages in the amount of $10,000. The Court refused the Commonwealth's motion for new trial upon appellee's filing a remittitur reducing the verdict to $8,000. The Commonwealth now appeals from the refusal of the court below to grant a new trial.

Appellee's property is situate in Fallowfield Township, Washington County, and consists of a total of 87.72 acres separated by roads into three tracts consisting of 57.44 acres, 9.60 acres, and 20.68 acres. Since 1930 appellee has operated this entire property as a dairy farm, and for 15 years prior thereto he managed the same property as a dairy farm for his father.

When appellee acquired the property there was a church on the 9.60 acre tract, which is the middle tract. Subsequent to his acquisition of the property appellee had conveyed small portions of the 9.60 acre tract contiguous to the church. The 20.68 acre tract is not directly adjacent to the other two tracts, but lies in close proximity. The area taken by the Commonwealth for road construction lies wholly within the 20.68 acre portion of appellee's farm and amounts to about three acres for right-of-way, slopes, and fills. However, about six acres were thereby cut off from the remainder of the 20.68 acre tract by the new highway. Through this six acre portion ran a stream of the use of which appellee is now deprived. The taking of pasture land and deprivation of use of a water supply caused the appellee to reduce the size of his herd and, as a consequence, the barn and storage facilities are uneconomically used at considerably less than capacity.

Appellant contends that (1) the 20.68 acre portion of the farm is not contiguous to the remainder of appellee's farm and it alone should be the basis for determining damages rather than the entire farm, and (2) the reduced verdict of $8,000 is still excessive.

Appellant relies upon a number of cases clearly distinguishable from the instant case. In *Pennsylvania Co. for Ins. on Lives & Granting Annuities v. Pennsylvania Schuylkill Valley R. R. Co.,* 151 Pa. 334, 25 A. 107, plaintiff owned a tract fronting on Jackson Street to the north and another tract fronting on Coal

Street to the south. These tracts were separated by the Whiting tract which lay between them. Plaintiff had a right-of-way over the Whiting tract from his north tract to the south tract which fronted on Coal Street, over which street defendant railroad company constructed a railroad. Plaintiff alleged injury as a result of the construction of the railroad on Coal Street and contended that in the determination of damages both tracts should be treated as a unit. Plaintiff relied upon the existence of the right-of-way to link the two tracts together and to that argument this Court said it was well settled that two distinct tracts of land connected only by means of a way, whether private or public, cannot be treated as one for the assessments of damages. It was not shown that these tracts were inseparably *linked in use*. That case is distinguished from the instant case also in view of the fact that there was no taking of plaintiff's land. The railroad was constructed over a street on which his property abutted and his complaint was that access to his property was made inconvenient and dangerous.

*Kossler v. Railway Co.,* 208 Pa. 50, 57, 57 A. 66, presented a situation where plaintiff had two tracts of land separated by a stream with high steep banks, over which no bridge had been built, although it was contemplated by him. It did not appear that the two tracts had ever been used as a unit. This Court there enunciated the rule: " 'In order that two properties having no physical connection may be regarded as one in the assessment of damages for right of way, they must be so inseparably connected in the use to which they are applied as that the injury or destruction of one must necessarily and permanently injure the other.' " In the instant case it was argued by appellee and admitted by appellant that the three tracts had been used together continuously for more than three decades as a dairy farm.

Another case relied upon by appellant, *Gibson v. Fifth Avenue and High Street Bridge Company*, 192 Pa. 55, 43 A. 339, involved a dispute about the basis of valuation of property. Plaintiff owned property with residences fronting on Fifth Avenue, Water Street, and Mulberry Avenue. A bridge and an approach thereto were constructed on Fifth Avenue. Plaintiff's property consisted of individual and separate uses and it could not be considered as an inseparable unit. Only the residences fronting on Fifth Avenue were affected, not those on the other streets. Since there was not entirety or unity of use of the property the Court held that the basis for determination of damages was only the portion of plaintiff's property directly affected.

The rules with respect to the valuation of property in condemnation cases are well stated in *State v. Bradshaw Land and Livestock Co.*, 43 P. 2d 674 (Mont.). There the court said that ordinarily damages are awarded only for injury done to the particular plot from which the right-of-way strip is taken without regard to any other lands the owner possesses. But, where there are two tracts separated by a highway or water course or railway, if they are used together as a single enterprise and the whole is depreciated in value as a result of the taking of a part, the damages suffered thereby may be compensated. Where lands are inseparably connected in use, the injury to one must necessarily and permanently injure the other.

The important element governing the basis of determination of damages where non-contiguous tracts are involved, in addition to the proximity of location, is the entirety of use of the separate tracts: *North Shore Railroad Company v. Pennsylvania Company*, 251 Pa. 445, 96 A. 990; *Darlington v. Pennsylvania R. R. Co.*, 278 Pa. 307, 123 A. 284. In the instant case it was admitted by appellant that all three tracts were

used as a unit. Where that is so, the injury to one tract is reflected, as a consequence, in injury to the entire enterprise. *U. S. ex rel. TVA v. Powelson*, 118 F. 2d 79 (1941) (reversed 319 U. S. 266, 63 S. Ct. 1047, because the unity of use proposed was remote and too speculative to bear on the valuation.) ; 20 C. J. 735-739. This principle is also well stated in *Cameron v. Pittsburgh & Lake Erie R. R.*, 157 Pa. 617, 27 A. 668, where the situation was very similar to the instant case. Plaintiff's farm was in two tracts separated by a canal over which a bridge had been built and maintained by the Commonwealth. Defendant appropriated a strip of land for railroad purposes extending northerly across the easterly end of plaintiff's farm. The railroad company contended plaintiff was not entitled to recovery for the injury or depreciation of the westerly end of the farm because of the separation of that tract from the easterly portion by the canal. Plaintiff had about 34 acres in the easterly tract and about 85 acres on the westerly side of the canal. The Court concluded that the tracts constituted one single farm, the entirety of which was not affected by the division created by the canal. The farm had always been held, occupied, and cultivated as one tract of land, and plaintiff was entitled to damages for injury to the entire farm.

The Commonwealth contends that the verdict of $10,000 reduced by the court *en banc* to $8,000, is still excessive and inconsistent with the evidence. There were three acres taken absolutely, and six acres were rendered practically useless to appellee. The loss consisted of pasturage and water and required appellee to reduce the size of his herd with a consequential uneconomical use of barn and storage facilities. It is not clear that the verdict as reduced is so excessive as to shock the court's sense of justice, nor is there in it a manifest impropriety. *Scott v. American Ex-*

*press Co.,* 257 Pa. 25, 101 A. 96; *Quigley v. Pennsylvania Railroad Company,* 210 Pa. 162, 59 A. 958; *Neidlinger v. Haines,* 331 Pa. 529, 200 A. 581; *Baymond v. Sternberger,* 116 Pa. Superior Ct. 451, 176 A. 787. It is not alleged nor shown that the court below abused its discretion in this respect. That court deliberately, after hearing and reviewing the testimony, in its sound discretion concluded that the sum awarded, as reduced, was fair and reasonable compensation based upon the value of the farm as a whole. There is no compelling reason why this Court should disturb that award.

Judgment affirmed.