**WEST WHITELAND ASSOCIATES,**
**Appellant,**

v.

**COMMONWEALTH of Pennsylvania,**
**DEPARTMENT OF TRANS-**
**PORTATION.**

**WEST WHITELAND ASSOCIATES, a**
**Pennsylvania limited partnership**

v.

**COMMONWEALTH of Pennsylvania,**
**DEPARTMENT OF TRANS-**
**PORTATION, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Feb. 6, 1997.

Decided March 5, 1997.

---

Robert W. Lentz, Frazer, for appellant.

Carl Vaccaro, Assistant Counsel In-Charge, King of Prussia, for appellee.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The central issue presented in this case is whether a condemnee in a taking case is required to raise by preliminary objection the unity of purpose doctrine set forth in Section 605 of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. § 1–605. This issue is before us on cross-appeals filed by the Department of Transportation (DOT) and West Whiteland Associates (Condemnee) from the order of the Court of Common Pleas of Chester County that held Condemnee had not waived the right to raise the unity of purpose doctrine by failing to file preliminary objections to DOT's taking but would not rule preliminarily on whether the Condemnee had met its burden of showing that the property met the requirements of the unity of purpose doctrine. Based upon the following, we reverse and remand.

In June 1989, DOT filed a declaration of taking of property owned by Condemnee. DOT attached to the declaration of taking a schedule of property condemned. The plot plan and property plat showed unimproved property of 71.526 acres before condemnation, a taking of 23.866 acres, leaving a residue of 47.66 acres. Notice of condemnation and copies of the declaration of taking, schedules of property condemned, and the plot plan and property plat were served on Condemnee as required by Section 405 of the Code, 26 P.S. § 1–405. On June 5, 1989, Condemnee requested a copy of the title report for the condemned property which described the property of 71.6041 acres, but filed no preliminary objections to this declaration of taking. Estimated just compensation was established at $1,172,000.00. On March 13, 1990, Condemnee received DOT's final payment.

Almost four years later, on February 24, 1994, Condemnee filed a petition for the appointment of a board of viewers. In this petition Condemnee requested additional compensation but did not allege or indicate that its property was other than the 71.526 acres shown on the plot plan and property plat filed with DOT's declaration of taking.

At the board of viewers' hearing, over DOT's objections, Condemnee's witnesses testified that Condemnee's property before condemnation actually consisted of 179 acres based upon the unity of purpose doctrine. The additional acreage contained improvements which included several major buildings and a lithium processing plant operating under a long term lease. However, DOT's expert witness testified solely on the appraisal value of the 71.526 acre property shown on the plot plan and plat filed with the declaration of taking. DOT argued that Condemnee waived any right to assert that the property consisted of more than 71.526 acres because Condemnee had not filed preliminary objections. The board rejected DOT's argument and filed its report and award by considering a before condemnation property of 179 acres. The parties filed cross-appeals to the trial court.

Before the trial court DOT argued that Condemnee was required by Section 406 of

the Code, 26 P.S. § 1–406,[1] to file preliminary objections if it was not satisfied with the total acreage DOT's plot plan and property plat set forth in the declaration of taking. Condemnee asserted that it was entitled to be compensated for all its surrounding properties under the unity of use doctrine and that it was not required to file preliminary objections because Section 605 of the Code concerns solely the measure of damages. Condemnee claimed that such measure of damage is not a required preliminary objection under Section 406 of the Code.

Following the hearing, the trial court made two pertinent holdings. One, Condemnee had not waived the right to challenge the amount of land taken by DOT by not filing preliminary objections because such objection was not required by Section 406 of the Code and would only delay DOT's right to possess the condemned property. Two, that although Condemnee's property was non-contiguous, it must have the right to present evidence of the unity of purpose doctrine; however, it held that such evidence must demonstrate a unity of purpose at the time of the taking. However, the trial court declined to make a decision on the issue of the actual applicability of the unity of use doctrine.

■ Cross-appeals were again filed with this Court.[2] DOT argues that the trial court erred in holding that Condemnee had not waived the right to challenge the description in the declaration of taking because it had not filed preliminary objections. DOT also argues that the trial court erred in holding that Condemnee could present evidence regarding the unified purpose doctrine at trial. Condemnee's cross appeal argues that the trial court erred in failing to determine that the unity of use doctrine's applicability preliminarily.

■ We begin with DOT's argument that the trial court erred in ruling that Condemnee had not waived the right to contest the description of the condemned property set forth in the plot plan and property plat by failing to file preliminary objections to the taking.

■ Preliminary objections under Section 406 of the Code are intended as a procedure to resolve expeditiously all legal and factual challenges to the declaration of taking before the parties move to the second distinct proceeding of qualifying damages. *North Penn Water Authority v. A Certain Parcel of Land,* 168 Pa.Cmwlth. 477, 650 A.2d 1197 (1994). Section 402 of the Code, 26 P.S. § 1–402, provides that a declaration of taking shall include a description of the property condemned as well as a reference to the place where the plans showing the condemned property are recorded and where such plans may be inspected. Section 405(c)(8) of the Code provides that the notice of condemnation served on the condemnee must include a "statement that the condemnee's property has been condemned and a reasonable identification thereof in the case of a total and, *in the case of a partial taking,* a plot plan showing the condemnee's entire property and the area taken." 26 P.S. § 1–405(c)(8) (emphasis added).

DOT asserts that this case involves a partial taking and thus, as required by the Code, it filed and served on Condemnee a plot plan and property plat which showed that Condemnee's entire property before condemnation was 71.526 acres, the area taken was 23.866 acres and the after condemnation area was 47.66 acres. Condemnee did not file preliminary objections or in any other manner contest this description of the property set forth in the plot plan and property plat. Thus, DOT argues that any objections which could have been made, have been waived

---

1. Section 406 of the Code state that:
   Preliminary objections shall be limited to and shall be the exclusive method of challenging 1) the power of right of the condemnor to appropriate the condemned property unless the property has been previously adjudicated; 2) the sufficiency of security; 3) any other procedure followed by the condemnor; or 4) the declaration of taking.

2. Our scope of review of a trial court decision in an eminent domain matter is limited to determining whether the trial court abused its discretion, committed an error of law, or whether the findings and conclusions are supported by sufficient evidence. *In re Waite,* 163 Pa.Cmwlth. 283, 641 A.2d 25, *appeal denied,* 539 Pa. 657, 651 A.2d 543 (1994).

because such an issue is so basic to the case that it must be decided at the earliest possible stage. We agree.

The plot plans and property plat filed with the declaration of taking and served upon a condemnee are part of and indeed, the heart of a declaration of taking. It is only by reference to such plans that one can determine what property is the subject of condemnation and, in the case of a partial taking, what part of a property has been taken. *See Milford Traumbauersville Area Sewer Authority v. Approximately 0.753 Acres of Land,* 25 Pa.Cmwlth. 13, 358 A.2d 450 (1976) (description of property required by Code may be by attachment of plan).

Here, DOT served Condemnee with notice that Condemnee's property was 71.526 acres. If Condemnee believed this information to be incorrect, it was incumbent on Condemnee to timely object. While the trial court found that preliminary objections to the size of the take would have caused a delay and that the purpose of preliminary objections in eminent domain proceedings is to avoid such delay, the essence of the actual taking was necessary to preserve the integrity of the taking itself. This was best illustrated in *Bernstein Appeal,* 112 Pa.Cmwlth. 368, 535 A.2d 1210 (1988), *allocatur denied,* 519 Pa. 655, 656, 546 A.2d 60 (1989).

In *Bernstein,* DOT filed a declaration of taking for the fee underlying the easements for highway purposes which had been previously acquired. The condemnees did not file preliminary objections. The condemnees later sought to claim that any easements previously condemned had been abandoned and thus, they actually owned and DOT was taking an unencumbered fee simple interest in the property. We held this argument had been waived by the condemnees failing to raise it by preliminary objections, stating:

> We have previously recognized that the nature of the property interest a party possesses, if any, in an eminent domain proceeding is properly raised by preliminary objections, and the failure to raise the issue by means of preliminary objections constitutes a waiver of such issues. Since the abandonment issue was not timely raised by appellants, it is jurisdictionally waived.

*Id.,* 535 A.2d at 1214 (citations and notes omitted). *See also Commonwealth v. Herold,* 17 Pa.Cmwlth. 148, 330 A.2d 890 (1975) (issue regarding extent of taking waived by failure to file preliminary objections to declaration of taking).

*Bernstein* concerned the issue of the nature of the property interest the condemnees held at the time of condemnation where as here, the case involves issues of the size of Condemnee's entire property issue. However, the same reasoning must apply because the issues relate to information that must be included in the declaration of taking and notice of condemnation. Such issues are basic to the case and must be decided at the earliest possible stage.

This is even more evident because, before a condemnor can take possession of property it must perform an appraisal and pay the condemnee its estimate of just compensation. Section 407(c) of the Code, 26 P.S. § 1–407(c), does not allow a condemnor to recover any of the estimated just compensation paid to the condemnee. Thus, it is crucial that before such compensation is paid that it be based upon appraisals that have considered the entire property. To raise the size of the property condemned after a petition of viewers has been filed can result in substantial prejudice to the condemnor. Further, we note that the statute of limitations for filing a petition of viewers is five years from the payment of the estimated just compensation. 42 Pa.C.S. § 5526. Here, Condemnee waited for more than four years to file its petition for viewers and did not raise, in this petition, the issue as to the size of its property. Condemnee first raised the issue of the size of its property at the board of viewers' hearing, nearly six years after the declaration of taking was filed. We also recognize that the property described in the plot plan and property plat filed with the declaration of taking was open land, whereas the additional parcels that Condemnee seeks to include contains improvements and a long term lease tenant.

The trial court in rejecting DOT's argument expressed concern that the require-

ment to file preliminary objections here would unnecessarily delay DOT's possession of the property. We believe this concern to be unwarranted as Section 407(a) of the Code, 26 P.S. § 1–407(a) provides:

> The condemnor, after the expiration of the time for filing preliminary objections by the condemnee to the declaration of taking, shall be entitled to possession or right of entry upon payment of, or a written offer to pay the condemnee, the amount of just compensation as estimated by the condemnor. If a condemnee thereafter refuses to deliver possession or permit right of entry, the prothonotary upon praecipe of the condemnor shall issue a rule, returnable in five days after service upon the condemnee, to show cause why a writ of possession should not issue, upon which the court, unless preliminary objections warranting delay are pending, may issue a writ of possession conditioned upon payment to the condemnee or into court of such estimated just compensation and on such other terms as the court may direct.

This section specifies that a condemnor is entitled to possession unless preliminary objections warranting delay have been filed and are pending. Preliminary objections warranting delay and possession are those which challenge the right or power to condemn or the adequacy of security. The preliminary objections that should have been filed by Condemnee here are not such as would warrant delay in possession. Rather, such objections, if valid, would require nothing more than correction of the plot plans and property plat.

The trial court proceeded from the assumption that a condemnee must file preliminary objections only when the power or right to condemn is being challenged. However, Section 406(a) of the Code provides for four categories of preliminary objections that must be filed. Aside from objections challenging the right or power to condemn and adequacy of security, preliminary objections must also be filed to challenge "(3) any other procedure followed by the condemnor; or (4) the declaration of taking." 26 P.S. § 1–406(a).

Thus, we hold that the trial court erred in holding that Condemnee was not required to file preliminary objections to the size of the property taken.

■■■ Even if we did not hold that waiver had not occurred, we hold that the evidence of record demonstrates that Section 605 of the Code would not be applicable. Section 605 of the Code provides:

> Where all or part of several contiguous tracts owned by one owner is condemned or a part of several non-contiguous tracts owned by one owner which are used together for a unified purpose is condemned, damages shall be assessed as if such tracts were one parcel.

Before the trial court, Condemnee claimed that a unity of use existed because the tracts at issue were contiguous and there were plans to develop the parcels together in the future. While the trial court found the tracts were non-contiguous, it held Condemnee would be permitted to show that the non-contiguous tracts were used together for a common purpose. The trial court determined, however, that "condemnee's proof must demonstrate such actual present use for a unified purpose as at the time the declaration of taking was filed." While the trial court correctly found the tracts non-contiguous, it should have determined that the evidence presented by Condemnee could not support a finding of a unity of use because the concept of unity of use, which applies when two or more non-contiguous tracts are owned by one owner and are used together for a unified purpose, requires that there be identical owners as well as identical users of the property. *Sams v. Redevelopment Authority of the City of New Kensington*, 431 Pa. 240, 244 A.2d 779 (1968); *Sandin v. Department of Transportation*, 124 Pa.Cmwlth. 221, 555 A.2d 966 (1989). The doctrine applies only when the non-contiguous tracts are so interconnected in the use to which they are applied the injury to one will permanently damage the other. *Powley v. Department of General Services*, 158 Pa. Cmwlth. 174, 631 A.2d 743 (1993).

Here, the evidence establishes that no unity of use existed at the time of the condemnation. The 71.526 acre tract from which the

23.866 acres were taken was raw land at the time of condemnation and no plans for development had been filed. The other parcels that Condemnee seeks to have included was improved with several major buildings and was subject to an independent long-term lease. Under these facts there could not be a finding that the separate tracts were being used for a unified purpose. Therefore, we also hold that the trial court also erred in failing to rule that the unity of use doctrine was inapplicable.

Accordingly, we reverse and remand this matter to the trial court with directions that the evidence in this case be limited to the property described in the declaration of taking, plot plan and property plat filed by DOT and served on Condemnee.

### ORDER

AND NOW, this 5th day of March, 1997, the order of the Court of Common Pleas of Chester County in the above-captioned matter is hereby reversed and this case is remanded in accordance with the foregoing opinion. Jurisdiction relinquished.