IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Gianni Pignetti and | : | **CASES CONSOLIDATED** |
| Jennifer Pignetti | : | |
| | : | No. 1196 C.D. 2021 |
| v. | : | No. 1197 C.D. 2021 |
| | : | Argued: November 14, 2022 |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Appellant | : | |

BEFORE:  HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE ELLEN CEISLER, Judge (P.)
HONORABLE STACY WALLACE, Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE                                         FILED: February 6, 2023


The Commonwealth of Pennsylvania, Department of Transportation (DOT) appeals from the October 6, 2021 orders of the Court of Common Pleas of Philadelphia County (the trial court) overruling DOT's preliminary objections and appointing a board of viewers to assess damages for DOT's taking of Gianni Pignetti's and Jennifer Pignetti's (collectively, the Pignettis) two noncontiguous parcels of land as if the two parcels were one. On appeal, DOT asserts (a) the Pignettis waived their claim for jointly-assessed damages by not raising it in preliminary objections to DOT's declaration of taking (Declaration of Taking), and (b) even if the Pignettis did not waive their claim, the board of viewers should not assess damages for the Pignettis' two parcels together because the parcels do not

have substantially identical ownership and the Pignettis did not establish that they used the two parcels together for a unified purpose. Since we agree with DOT's assertion that the Pignettis have not established they used their two parcels together for a unified purpose, we reverse the trial court.

## I. Background

On February 28, 2019, DOT filed the Declaration of Taking pursuant to Section 302 of the Eminent Domain Code[1] (Code), 26 Pa.C.S. § 302, condemning a property owned by the Pignettis at 1035-1041 North Front Street, Philadelphia, Pennsylvania, which DOT identified as parcel 44 (Parcel 44), and a property owned by Gianni Pignetti, individually, at 22 Richmond Street, Philadelphia, Pennsylvania, which DOT identified as parcel 45 (Parcel 45). Reproduced Record (R.R.) at 45a-67a. Parcels 44 and 45 are not contiguous, as a trapezoidal-shaped parcel of land separates the easterly line of Parcel 44 from the westerly line of Parcel 45 by approximately 10 feet at their closest points and 90 feet at their farthest points. *See* R.R. at 170a.

The Pignettis did not file preliminary objections to DOT's Declaration of Taking. Instead, on April 14, 2021, the Pignettis filed a Petition for the Appointment of a Board of Viewers (Petition) with the trial court. R.R. at 69a-77a. In their Petition, the Pignettis requested that the trial court appoint a board of viewers (the Board) to determine just compensation for DOT's taking of Parcels 44 and 45, and that the Board assess damages as if the tracts were one parcel.[2] *Id.*

---

[1] 26 Pa.C.S. §§ 101-1106.

[2] Although the Pignettis' Petition did not clearly identify the relief they were seeking, DOT's Preliminary Objections evidence DOT's understanding that the Pignettis were seeking to have the Board assess damages for Parcels 44 and 45 together pursuant to Section 705 of the Code, 26 Pa.C.S. § 705. *See* R.R. at 104a-10a. Additionally, the Petition listed both parcels. *Id*. at 72a-73a. Section 502 of the Code, 26 Pa.C.S. § 502, requires a condemnee to file separate petitions
**(Footnote continued on next page…)**

2

On May 12, 2021, DOT filed preliminary objections to the Petition (Preliminary Objections). R.R. at 104a-10a. In its Preliminary Objections, DOT asserted the Pignettis were not entitled to have Parcels 44 and 45 valued together pursuant to Section 705 of the Code, 26 Pa.C.S. § 705,[3] because (a) the Pignettis waived their claim by not raising it in preliminary objections to DOT's Declaration of Taking and (b) Parcels 44 and 45 did not have substantially identical ownership.[4] *Id.*

With regard to its claim that the Pignettis waived their ability to seek damages as if Parcels 44 and 45 were one parcel, DOT asserts Section 306 of the Code, 26 Pa.C.S. § 306,[5] required the Pignettis to file their claim as a preliminary objection to the Declaration of Taking. R.R. at 108a. The Pignettis agree they did not file

---

for the appointment of viewers for each condemned parcel. *See* 26 Pa.C.S. § 502; 1985 Jt. St. Gov't Com. Comment ("Only one property may be included in the petition for viewers of a condemnee or displaced person under subsection (a). Former subsection (d) which permitted consolidation has not been codified."). Also, the Petition referenced Section 705 of the Code, which permits separate, noncontiguous tracts to be valued together under certain circumstances. *See* R.R. at 73a; 26 Pa.C.S. § 705. Finally, the Petition requested as relief an order directing the Board to assess just compensation for the "partial condemnation" of Parcels 44 and 45. *Id.* at 70a. DOT acknowledged its Declaration of Taking effectuated a total taking of Parcel 45 and a partial taking of Parcel 44. *See id.* at 110a. The only way for both parcels to be partially condemned would be if they were combined.

[3] "Where . . . a part of several noncontiguous tracts in substantially identical ownership which are used together for a unified purpose is condemned, damages shall be assessed as if the tracts were one parcel." 26 Pa.C.S. § 705.

[4] As explained further, *infra*, DOT did not assert in its Preliminary Objections that the Pignettis were not using the parcels together for a unified purpose.

[5] Section 306 of the Code establishes the following issues may only be raised, and are waived if not raised, in preliminary objections to the declaration of taking:

    (i) The power or right of the condemnor to appropriate the condemned property unless it has been previously adjudicated.
    (ii) The sufficiency of the security.
    (iii) The declaration of taking.
    (iv) Any other procedure followed by the condemnor.

*See* 26 Pa.C.S. §306.

preliminary objections to the Declaration of Taking, and assert this dispute is a matter of compensation, which is not to be raised by preliminary objections. *Id.* at 73a.

With regard to its assertion that Parcels 44 and 45 did not have substantially identical ownership, DOT asserted it had a right-of-way over and on Parcel 45, but not Parcel 44. R.R. at 106a-08a. Accordingly, DOT claimed it had an ownership interest in a portion of Parcel 45, which rendered the two parcels' ownership not substantially identical. *Id.* Although DOT was aware the Pignettis owned Parcel 44, whereas Gianni Pignetti, individually, owned Parcel 45, DOT did not raise this as an impediment to the Pignettis having substantially identical ownership of Parcels 44 and 45. *Id.*

The Pignettis did not include any factual allegations in the Petition which would establish they used Parcels 44 and 45 together for a unified purpose. See R.R. at 69a-74a. DOT did not, however, include a demurrer in its Preliminary Objections on the grounds that the Pignettis failed to plead facts sufficient to entitle them to the relief they requested, nor did DOT assert in its Preliminary Objections that the Pignettis did not use Parcels 44 and 45 together for a unified purpose.[6] See R.R. at 104a-10a. Nevertheless, the Pignettis, in their supplemental brief in opposition to DOT's preliminary objections, which was filed on September 3, 2021, alleged for the first time that they used Parcels 44 and 45 together for a unified purpose. *See* R.R. at 147a-49a, 156a.

After reviewing the parties' briefs, the trial court conducted an evidentiary hearing on DOT's Preliminary Objections. Before the evidentiary hearing, the

---

[6] Section 504(d)(2) of the Code provides that "[o]bjections to the legal sufficiency or factual basis of a petition filed under section 502(c) (relating to petition for appointment of viewers) are waived unless included in preliminary objections." 26 Pa.C.S. § 504(d)(2).

4

parties stipulated to the authenticity of DOT's Declarations of Taking. *See* R.R. at 359a-60a. At the hearing, DOT challenged the items it identified in the Preliminary Objections, as well as whether the Pignettis used Parcels 44 and 45 together for a unified purpose. *See* R.R. at 376a. In response, Gianni Pignetti (Mr. Pignetti) testified regarding his use of Parcels 44 and 45. *Id.* at 378a-80a. Mr. Pignetti stated he used Parcels 44 and 45 to store vehicles, equipment, and materials for his electrical business. R.R. at 378a. He supplied several photographs of Parcels 44 and 45 and testified about what those photographs depicted. *Id.* at 378a-79a. In addition, he supplied architectural drawings for a potential future development of Parcels 44 and 45. *Id.* On cross-examination, Mr. Pignetti admitted his business office was approximately one mile from Parcels 44 and 45, and he only used Parcels 44 and 45 to store business equipment and supplies. *Id.* at 379a. He also admitted that although he always intended to develop Parcels 44 and 45, he never filed for permits, sought any zoning relief, or submitted a proposal to the planning commission. *Id.* at 379a-80a.

The Pignettis did not argue that DOT waived its ability to contest whether the Pignettis used Parcels 44 and 45 together for a unified purpose by failing to raise it in the Preliminary Objections.[7] On October 6, 2022, the trial court issued an order

---

[7] Since DOT never raised an objection to whether the Pignettis used Parcels 44 and 45 together for a unified purpose in its Preliminary Objections, the trial court acted beyond its authority in determining the Pignettis used Parcels 44 and 45 together for a unified purpose rather than accepting that fact as uncontested. *See* 26 Pa.C.S. § 504(d)(2). Nevertheless, the Pignettis acted as though DOT had properly contested the issue and never objected to the trial court's lack of authority to rule on an objection not actually raised. We are not able to raise the trial court's lack of authority sua sponte, because it does not go to the trial court's subject matter jurisdiction. *See Riedel v. Hum. Rels. Comm'n of City of Reading*, 739 A.2d 121, 123-25 (Pa. 1999). Accordingly, we must review DOT's contention that the trial court erred in determining the Pignettis used Parcels 44 and 45 together for a unified purpose as if the objection had actually been before the trial court for disposition.

5

(Order #1) overruling DOT's Preliminary Objections. R.R. at 7a. In its accompanying memorandum opinion, the trial court determined the Pignettis had not waived their right to have Parcels 44 and 45 valued together because they were challenging compensation, not the nature of the property interest or the extent of the taking. Trial Court Opinion, 10/6/21, at 2. The trial court also determined Parcels 44 and 45 have substantially identical ownership and the Pignettis use them together for a unified purpose. *Id.* at 2-5.

On October 6, 2022, the trial court issued a second order (Order #2) granting the Petition, appointing the Board to determine just compensation for DOT's taking of Parcels 44 and 45, and directing the Board to assess damages as though Parcels 44 and 45 were one parcel. R.R. at 7a-8a. DOT separately appealed from both Order #1 and Order #2.[8] We consolidated DOT's appeals.

---

[8] By per curiam order filed in this matter on February 1, 2022, this Court directed the parties to "address the appealability of [Order #2] in their principal briefs on the merits or in an appropriate motion." The parties complied with this directive, and each asserted in their briefs that Order #2 is appealable.

Pennsylvania Rule of Appellate Procedure 311(e) provides "[a]n appeal may be taken as of right from . . . an order overruling preliminary objections to a petition for appointment of a board of viewers." Pa.R.A.P. 311(e). Unlike an order overruling preliminary objections to a petition for appointment of a board of viewers, an order appointing a board of viewers is not a final, appealable order. We agree with the parties, however, that Order #2 is, in effect, an order overruling preliminary objections to a petition for appointment of a board of viewers. Specifically, Order #2 does not simply appoint the Board; it directs the Board to value Parcels 44 and 45 as one parcel (DOT's Preliminary Objections asserted this was improper). Order #2 was also clearly entered in response to DOT's preliminary objections, as it was entered the same day as Order #1. Thus, Order #2 qualifies as an order overruling preliminary objections to a petition for appointment of a board of viewers, and it is appealable pursuant to Pa.R.A.P. 311(e).

If we were to conclude Order #2 is not appealable, it would create an unreconcilable situation where our decision on DOT's appeal of Order #1 results in the Board having to value Parcels 44 and 45 as separate parcels (as fully set forth below), yet the trial court's unappealable order (disguised as an order appointing a board of viewers) results in the Board having to value Parcels 44 and 45 together. This absurd result underscores the fact that Order #2 is not merely an order appointing a board of viewers.

6

On appeal, DOT asserts the Pignettis waived their claim for jointly-assessed damages because the Code required the Pignettis to raise it in preliminary objections to the Declaration of Taking. Even if the Pignettis did not waive this claim, DOT asserts damages should not be assessed as if Parcels 44 and 45 were one parcel because Parcels 44 and 45 do not have substantially identical ownership and the Pignettis did not use them together for a unified purpose.

## II. Analysis

When reviewing a trial court's order overruling preliminary objections to a petition for appointment of a board of viewers, we are limited to determining whether the trial court committed an error of law or whether substantial evidence supports the necessary findings of fact. *In re Condemnation ex rel. Com., Dep't of Transp.*, 76 A.3d 101, 106 n.7 (Pa. Cmwlth. 2013). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gorsline v. Bd. of Supervisors of Fairfield Twp.*, 186 A.3d 375, 385 (Pa. 2018).

## A. Waiver

We begin our analysis of DOT's waiver argument by noting the Code provides the "complete and exclusive procedure and law to govern all condemnations of property for public purposes and the assessment of damages." 26 Pa.C.S. § 102. Section 302 of the Code specifies that a condemnation "shall be effected only by the filing in court of a declaration of taking . . . ." 26 Pa.C.S. § 302(a)(1). Section 302 requires a declaration of taking to make several specific averments, including "[a] description of the property condemned, sufficient for identification . . . ." 26 Pa.C.S. § 302(b)(5). On the date the declaration of taking is filed, title in the property passes to the condemnor, who is entitled to possession, and the condemnee becomes entitled

to compensation. 26 Pa.C.S. § 302(a)(2). The condemnor is then required to serve the condemnee with a copy of the declaration of taking within 30 days. 26 Pa.C.S. § 305.

The condemnee must then file preliminary objections within 30 days of service if he wishes to challenge certain matters, including "the power or right of the condemnor to appropriate the condemned property," "the declaration of taking," and "any other procedure followed by the condemnor." *See* 26 Pa.C.S. § 306(a). If the condemnee fails to file preliminary objections, challenges to those matters are waived. 26 Pa.C.S. § 306(b). Issues of compensation, however, "may not be raised by preliminary objections" to the declaration of taking. *Id.* Thus, the Code sets forth a procedure whereby "legal and factual challenges to the declaration of taking" are "resolve[d] expeditiously . . . before the parties move to the second distinct proceeding of qualifying damages." *West Whiteland Assocs. v. Dep't of Transp.*, 690 A.2d 1266, 1268 (Pa. Cmwlth. 1997) (citation omitted).

That second proceeding begins if a "condemnor, condemnee or displaced person[,]" who cannot agree on compensation, "file a petition requesting the appointment of viewers . . . ." *See* 26 Pa.C.S. §§ 501, 502. The condemnor may then oppose the appointment of viewers by filing preliminary objections. 26 Pa.C.S. § 504(d). The condemnor waives objections to the form of the petition, the appointment of viewers, the qualification of the viewers, the legal sufficiency of the petition, and the factual basis of the petition if it does not include the objections in preliminary objections to the petition requesting the appointment of viewers. *Id.*

With this in mind, we turn to DOT's assertion the Pignettis waived their claim for jointly-assessed damages by not raising it in preliminary objections to the Declaration of Taking. DOT asserts the Declaration of Taking identified Parcels 44

and 45 "with separate numbers, separate claim numbers, separate property sizes and separate types of taking." Appellant's Br. at 26. By trying to combine the parcels, DOT asserts the Pignettis are challenging "the nature of the property interest taken or the size of the property taken." *Id.* at 27. Relying upon *West Whiteland*, DOT asserts the Pignettis' challenge relates to the Declaration of Taking itself. Accordingly, DOT believes the Pignettis were required to raise it as a preliminary objection to the Declaration of Taking. *See* 26 Pa.C.S. § 306.

In *West Whiteland*, we held a condemnee was required to file preliminary objections to a declaration of taking when the condemnee was contesting the size of the property taken. 690 A.2d at 1270. The declaration of taking in *West Whiteland* identified condemnee's entire property as being 71.526 acres, with 23.866 acres being taken and 47.66 acres remaining. *Id.* at 1268. The condemnee did not file preliminary objections to the declaration of taking. Instead, the condemnee filed a petition for the appointment of a board of viewers. At the subsequent hearing before the board of viewers, the condemnee argued it "was entitled to be compensated for all its surrounding properties under the unity of use doctrine." *Id.* The condemnee's surrounding properties totaled 179 acres and, unlike the original, vacant land, included improved properties and a long-term lease tenant. *Id.* at 1267, 1269. Since the condemnee asserted a property size greater than the declaration of taking showed, we reasoned the condemnor would be prejudiced, because "it is crucial that before [estimated just compensation] is paid [to the condemnee] that it be based upon appraisals that have considered the entire property." *Id.* at 1269. Therefore, we determined objections to the size of the taking must be raised in preliminary objections to the declaration of taking. *Id.* at 1270.

Unlike the condemnee in *West Whiteland*, however, the Pignettis have not requested compensation for any lands DOT did not identify in the Declaration of Taking, nor are the Pignettis contesting the size of either parcel.[9] Accordingly, we conclude the trial court did not err in determining the Pignettis were challenging compensation, not the Declaration of Taking. Since just compensation is properly challenged through the filing of a petition for the appointment of viewers, we agree with the trial court that the Pignettis did not waive their claim for jointly-assessed damages.

### B. Unified Purpose

Next, we turn to DOT's contention the Pignettis may not avail themselves of Section 705 of the Code because they did not prove they used Parcels 44 and 45 together for a unified purpose. Section 705 of the Code provides "[w]here . . . a part of several noncontiguous tracts in substantially identical ownership **which are used together for a unified purpose** is condemned, damages shall be assessed as if the tracts were one parcel." 26 Pa.C.S. § 705 (emphasis added). A condemnee bears the burden of proving it used its properties together for a unified purpose at the time the declaration of taking was filed. *West Whiteland*, 690 A.2d at 1270.

To determine what a condemnee must prove to satisfy Section 705's unified purpose language, we look to Section 705's legislative history and our subsequent case law. With regard to Section 705's legislative history, a 1964 Joint State Government Committee Comment to Section 705 (the same year the Code was first

---

[9] We recognize Section 705 of the Code, 26 Pa.C.S. § 705, is more likely to be implicated when one parcel owned by a condemnee is listed in a declaration of taking and other, noncontiguous parcels of the condemnee are not listed in the declaration of taking. In that scenario, our holding in *West Whiteland* would require the condemnee to file preliminary objections to the declaration of taking to assert their claim for jointly-assessed damages under Section 705 of the Code. This matter is distinguishable from that scenario, however, because DOT included Parcels 44 and 45 in the Declaration of Taking.

10

codified), states that Section 705 "codifies existing case law" for noncontiguous tracts and specifically cites to *Morris v. Commonwealth*, 80 A.2d 762 (Pa. 1951). Accordingly, the General Assembly unambiguously expressed its intent for *Morris* to govern the treatment of noncontiguous tracts.

In *Morris*, the condemnee owned a total of 87.72 acres of land, which was "separated by roads into three tracts consisting of 57.44 acres, 9.60 acres, and 20.68 acres." *Morris*, 80 A.2d at 763. Although the 20.68-acre tract was not contiguous to the other two tracts, the condemnee operated all three tracts as a dairy farm. *Id.* The Commonwealth condemned approximately three acres of the 20.68-acre tract for road construction, cutting off an additional six acres from the remainder of the tract. *Id.* Those six acres, which the condemnee no longer had access to, contained a stream that the condemnee used in his operations. *Id.* In addition, "[t]he taking of pasture land and deprivation of use of a water supply caused appellee to reduce the size of his herd and, as a consequence, the barn and storage facilities [on other parcels] are uneconomically used at considerably less than capacity." *Id.*

The Commonwealth argued in *Morris* that the 20.68-acre portion should "alone be the basis for determining damages rather than the entire farm." *Morris*, 80 A.2d at 763. In discussing the standards to be applied, the Supreme Court noted the rule is: "'In order that two properties having no physical connection may be regarded as one in the assessment of damages for right of way, **they must be so inseparably connected in the use to which they are applied as that the injury or destruction of one must necessarily and permanently injure the other**.'" *Id.* (quoting *Kossler v. Pittsburg, Cincinatti, Chicago & St. Louis Ry. Co.*, 57 A. 66, 57 (Pa. 1904)) (emphasis added). In addition, the Court noted "proximity of location" was an "important element governing the basis of determination of damages where

11

non-contiguous tracts are involved." *Id.* at 764. Under the facts presented in *Morris*, the Court concluded the taking permanently injured all three tracts and permitted damages to be assessed with regard to the entire 87.72 acres. *Id.* at 763-64.

We have applied the standard set forth in *Morris* in our post-Code cases. *See Powley v. Dep't of Gen. Servs.*, 631 A.2d 743, 745 (Pa. Cmwlth. 1993) ("Under the unity of use doctrine, two separate properties are treated as one for eminent domain purposes when **they are so inseparably connected by the use to which they are applied that injury to one will necessarily and permanently injure the other**.") (citing *Werner v. Dep't of Highways*, 247 A.2d 444 (Pa. 1968)) (emphasis added).

Accordingly, for condemnees to prove their parcels are used together for a unified purpose, a condemnee must establish the parcels "are so inseparably connected by the use to which they are applied that injury to one will necessarily and permanently injure the other." *Morris*, 80 A.2d at 763; *Powley* 631 A.2d at 745. The trial court determined the Pignettis used Parcels 44 and 45 together for a unified purpose because the Pignettis used Parcels 44 and 45 for the same purpose. *See* Trial Court Opinion, 10/6/21, at 5. While we agree the Pignettis used Parcels 44 and 45 for the same purpose, the trial court committed an error of law in using this as the legal standard.

In applying the correct legal standard of whether the Pignettis have provided sufficient evidence to establish they used Parcels 44 and 45 in such a way that taking one, or a part of one, would necessarily and permanently injure the other, we conclude they have not. Mr. Pignetti's testimony regarding his purported future plans to develop Parcels 44 and 45 was not relevant, because only the use to which the property was placed at the time of the filing of the Declaration of Taking should be considered. *See West Whiteland*, 690 A.2d at 1270. The remainder of Mr.

12

Pignetti's testimony, at best, established he parked vehicles and stored equipment for his electrical business on Parcels 44 and 45. *See* R.R. at 378a-80a. Mr. Pignetti did not testify regarding the effects of the loss of one of the parcels on the other, or on his electrical business in general. This evidence, although sufficient to show the Pignettis used Parcels 44 and 45 together, was not sufficient to establish the parcels "are so inseparably connected by the use to which they are applied that injury to one will necessarily and permanently injure the other." *Morris*, 80 A.2d at 763; *Powley*, 631 A.2d at 745.

### C. Substantially Identical Ownership

Since we have determined the Pignettis did not establish they used Parcels 44 and 45 together for a unified purpose, the Pignettis are not entitled to have the Board assess damages for Parcels 44 and 45 together under Section 705 of the Code. Accordingly, we need not evaluate DOT's contention under Section 705 of the Code that the parcels do not share substantially identical ownership.

### III. Conclusion

For the reasons set forth above, we conclude the Pignettis did not establish they used Parcels 44 and 45 together for a unified purpose. As a result, the Pignettis are not entitled to have the Board assess damages for DOT's taking of Parcels 44 and 45 as though the two were one parcel. Therefore, we reverse the trial court's October 6, 2021 orders. The trial court is directed to enter an order granting DOT's preliminary objection regarding the Pignettis' failure to establish their entitlement to relief under section 705 of the Code.

_____
STACY WALLACE, Judge

13

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gianni Pignetti and          :    **CASES CONSOLIDATED**
Jennifer Pignetti           :
                        :
          v.          :    No.  1196 C.D. 2021
                        :    No.  1197 C.D. 2021
                        :
Commonwealth of Pennsylvania,  :
Department of Transportation,   :
            Appellant   :

# **O R D E R**

**AND NOW**, this 6th day of February 2023, each of the Court of Common Pleas of Philadelphia County's October 6, 2021 orders are **REVERSED**. The Court of Common Pleas of Philadelphia County shall enter an order granting the Department of Transportation's preliminary objection regarding Gianni Pignetti's and Jennifer Pignetti's failure to establish their entitlement to relief under Section 705 of the Eminent Domain Code, 26 Pa.C.S. § 705.

 

_____
STACY WALLACE, Judge