**[J-11A-2024 and J-11B-2024] [MO: Wecht, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| GIANNI PIGNETTI AND JENNIFER PIGNETTI, | : | No. 26 EAP 2023 |
| | : | |
| | : | Appeal from the Order of |
| Appellants | : | Commonwealth Court entered on |
| | : | 2/6/2023 at No. 1196 CD 2021, |
| | : | reversing the Order dated 10/6/2021 |
| v. | : | in the Court of Common Pleas, |
| | : | Philadelphia County, Civil Division at |
| | : | No. 01078 April Term, 2021. |
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| DEPARTMENT OF TRANSPORTATION, | : | ARGUED: May 15, 2024 |
| | : | |
| Appellee | : | |
| | | |
| GIANNI PIGNETTI AND JENNIFER PIGNETTI, | : | No. 27 EAP 2023 |
| | : | |
| | : | Appeal from the Order of |
| Appellants | : | Commonwealth Court entered on |
| | : | 2/6/2023 at No. 1197 CD 2021, |
| | : | reversing the Order dated 10/6/2021 |
| v. | : | in the Court of Common Pleas, |
| | : | Philadelphia County, Civil Division at |
| | : | No. 01078 April Term, 2021. |
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| DEPARTMENT OF TRANSPORTATION, | : | ARGUED: May 15, 2024 |
| | : | |
| Appellee | : | |

**DISSENTING OPINION**

**JUSTICE BROBSON**                                                          **DECIDED: April 25, 2025**

Where more than one noncontiguous but commonly owned parcels are involved in a taking, Section 705 of the Eminent Domain Code (Code), 26 Pa. C.S. § 705, allows the parcels to be valued as a single parcel so long as the parcels are "used together for a unified purpose." In my mind, the phrase "used together for a unified purpose" ultimately

connotes something more than simply "used in furtherance of a shared enterprise." After all, the entire purpose of Section 705 is to arrive at fair compensation for a taking. This benefit reflects the idea that there is something about how both parcels are used by the common owner that make the whole more valuable than their separate parts.

By way of further explanation, I begin by noting that neither the Code nor the Statutory Construction Act of 1972 (Statutory Construction Act), 1 Pa.C.S. §§ 1501-1991, provide definitions for the pertinent terms contained in the statutory text under review. While this Court frequently consults dictionary definitions to discern legislative intent, *Commonwealth v. Gamby*, 283 A.3d 298, 307 (Pa. 2022), the Majority eschews that practice in the present matter. In so doing, the Majority opines that those definitions—and the parties' arguments based thereon—unnecessarily complicate the analysis and that a reasonable reader, taking the terms in context, knows what the General Assembly meant when it said that noncontiguous parcels must be "used together for a unified purpose" to be valued as one parcel. In particular, the Majority bluntly states that "[t]wo tracts are 'used together' when they are *used together*" and essentially characterizes any discrepancy between the use of noncontiguous parcels for the same purpose and the use of noncontiguous parcels for a wholistic purpose as a distinction without a difference. (Maj. Op. at 16-17 (emphasis in original).)

On the contrary, I find the above discrepancy to be a meaningful one that reasonable readers of the statutory text could readily identify and conceptualize, thereby resulting in an ambiguity in the statutory text.[1] *See A.S. v. Pa. State Police*, 143 A.3d

---

[1] Although the Majority declines to examine the dictionary definitions of the statutory terms at issue in this case, those definitions further bolster my observations above. Focusing in particular on the phrase "used together" as utilized in Section 705 of the Code, the word "used" is the past-tense form of "use," which most relevantly means "to put into action or service: have recourse to or enjoyment of: employ[:] . . . exercise." *Use*, Webster's Third New International Dictionary 2523 (1993); *see also Use*, Black's Law Dictionary 1855 (continued…)

896, 905-06 (Pa. 2016) ("A statute is ambiguous when there are at least two reasonable interpretations of the text."). Take, for example, two noncontiguous parcels that are commonly owned by a health care facility. The first parcel includes a hospital, with some on-site parking. The second includes accessory parking for the hospital. The accessory parking lot alone might have a certain value as a parking lot, but its value as part of a larger health care facility could be greater. Similarly, the value of the hospital parcel, and indeed its very existence, is dependent on the existence and use of the noncontiguous accessory parking for employees, patients, and visitors. By contrast, a single owner might own several noncontiguous parcels on which he operates public parking lots—the same purpose. But the taking of one parking lot does not necessarily impact the whole—each lot has an identity, and value, unto its own.

With these examples in mind, "used together for a unified purpose," in my view, more readily connotes some form of interdependency between the two lots such that if one goes away, the value of the other is adversely affected. In the absence of any such

---

(11th ed. 2019) (defining "use" as, inter alia, "[t]o employ for the accomplishment of a purpose; to avail oneself of"). Provided meanings of the word "together" include, *inter alia*, "in . . . one . . . collection[] or group;" "at one time: simultaneously;" "in or into . . . an integrated whole;" and "as a unit." *Together*, Webster's Third New International Dictionary 2404 (1993).

In view of the aforementioned definitions, I find that the word "used" is unambiguous and that it means "put into action or service," or "employed." As for the word "together," however, I find that term to be ambiguous. On one hand, the term "together" as used in Section 705 of the Code could reasonably mean "in a collection or group" or "simultaneously" and, in the context of the remaining statutory phrase, require that the noncontiguous parcels only be "put into action or service, or employed, in a collection or group or simultaneously, for one object or end." On the other hand, "together" in this context could also reasonably mean "an integrated whole" or "as a unit," thereby requiring that, for purposes of Section 705, noncontiguous parcels must be "put into action or service, or employed, as an integrated whole or unit, for one object or end." While the latter formulation indicates that there must be an interconnectedness or interdependence between noncontiguous parcels relative to their use, the former does not.

interdependency, the added qualifier for noncontiguous parcels of "used together for a unified purpose" loses any meaning that would justify treating the parcels as singular for valuation purposes.

Additionally, with respect to applying the rules of statutory construction to resolve ambiguity, I give more credence to the 1964 Joint State Government Committee Comment to Section 705 of the Code than the Majority does. Section 1939 of the Statutory Construction Act, 1 Pa. C.S. § 1939, provides:

> The comments or report of the commission, committee, association or other entity which drafted a statute may be consulted in the construction or application of the original provisions of the statute if such comments or report were published or otherwise generally available prior to the consideration of the statute by the General Assembly, but the text of the statute shall control in the event of conflict between its text and such comments or report.

The 1964 Joint State Government Committee Comment to Section 705 of the Code provides in full as follows: "[Section 705] codifies existing case law. *Morris v. Commonwealth*, . . . 80 A.2d 762 . . . ([Pa. ]1951) (non-contiguous tracts); *H. C. Frick Coke Co. v. Painter*, . . . 48 A. 302 . . . ([Pa. ]1901) (contiguous tracts)." 26 Pa. C.S. § 705 cmt. (Joint State Gov't Comm'n 1964). As the Commonwealth Court correctly observed, *Morris* set forth the pre-Code common law rule that, when analyzing whether the noncontiguous parcels should be valued together as one, courts must determine whether the parcels are "so inseparably connected in the use to which they are applied as that the injury or destruction of one must necessarily and permanently injure the other."[2] *Morris*, 80 A.2d at 763 (quoting *Kossler*, 57 A. at 68).

---

[2] While *Morris*, decided in 1951, quoted the rule from this Court's decision in *Kossler v. Pittsburg, C., C. & St. L. Ry. Co.*, 57 A. 66 (Pa. 1904), decided in 1904, the rule's origin traces as far back as 1888, in the decision of *Potts v. Pennsylvania & S. V. R. Co.*, 13 A. 291, 293 (Pa. 1888) ("In order that two properties, having no physical connection, may be regarded as one, in the assessment of damages for right of way, they must be so inseparably connected in the use to which they are applied as that the injury or destruction (continued…)

The commentary to Section 705 of the Code and the referenced case law clearly support an interpretation of the word "together" that requires noncontiguous parcels to be interconnected or interdependent in their use—*i.e.*, it is not enough for one merely to use noncontiguous parcels as a group or at the same time for a unified purpose. On this point, I further observe that "[i]t is well established that 'statutes are not presumed to make changes in the rules and principles of the common law or prior existing law beyond what is expressly declared in their provisions." *Everhart v. PMA Ins. Group*, 938 A.2d 301, 307 (Pa. 2007) (quoting *Carrozza v. Greenbaum*, 916 A.2d 553, 566 (Pa. 2007)). As such, the Court "will not disturb established legal principles without express direction from the Legislature." *Id.*; *see also Truck Terminal Realty Co. v. Dep't of Transp.*, 403 A.2d 986, 989 (Pa. 1979) (providing that "this Court has repeatedly held that the words of a statute are to be interpreted in light of the antecedent case law" and that "legislative intent to effectuate a drastic change in the law is not to be inferred by mere omission and implication"). I, thus, conclude that, in choosing the ambiguous word "together" to modify the word "use" in Section 705, the General Assembly did not intend to change the common law rule insofar as it requires an interdependency or interconnectedness between the noncontiguous parcels at issue. *Compare Truck Terminal*, 403 A.2d at 989-90 (concluding that, in enacting former Section 606 of Code,[3] General Assembly

---

of one must necessarily and permanently injure the other."); *see also Rudolph v. Pa. S. V. R. Co.*, 186 Pa. 541, 548 (1898) (same).

[3] 26 P.S. § 1-606 ("In determining the fair market value of the remaining property after a partial taking, consideration shall be given to the use to which the property condemned is to be put and the damages or benefits specially affecting the remaining property due to its proximity to the improvement for which the property was taken. Future damages and general benefits which will affect the entire community beyond the properties directly abutting the property taken shall not be considered in arriving at the after value. Special benefits to the remaining property shall in no event exceed the total damages except in such cases where the condemnor is authorized under existing law, to make special assessment for benefits.") (repealed).

did not intend to change common law rule relative to non-compensability of temporary inferences with right of access), *with In re Urban Redevelopment Auth. of Pittsburgh,* 272 A.2d 163, 166 (Pa. 1970) (explaining that former Section 705[4] changed preexisting common law rule that inquiry into individual components comprising expert's appraisal value was limited to cross-examination and restricted in extent); *see also Everhart,* 938 A.2d at 307 (holding that, because there was nothing in Section 1738 of Motor Vehicle Financial Responsibility Law[5] that "addresses, expressly disturbs, or abrogates" settled common law principle that stacking of uninsured/underinsured motorist coverage is not required for commercial fleet policies, provision was to be "read in conjunction with, not in contradiction to, the pre-existing common law").

Applying the above legal standard to the instant matter, Gianni Pignetti briefly testified at the evidentiary hearing that, prior to PennDOT's taking, he had "always used" and "needed" the parcels for storing vehicles, equipment, materials, and the like for his nearby electrical business. (N.T., 9/27/2021, at 35, 37-38.) Mr. Pignetti also offered testimony relative to the photographs of the parcels he previously provided, which depicted the parcels and their use. (*Id.* at 35-36.) Upon review, I conclude that, while Mr. Pignetti established that he employed the parcels for one object or end—*i.e.*, for the storage of vehicles and equipment for his electrical business—he failed to establish that he used the parcels at issue "together" for that purpose. As the Commonwealth Court observed, Mr. Pignetti offered no evidence to establish that the parcels were interconnected or interdependent such that the loss of one adversely affects the value of

---

[4] *See* 26 P.S. § 1-705(1) (providing that "[a] qualified valuation expert may, on direct or cross-examination, state any or all facts and data which he considered in arriving at his opinion, whether or not he has personal knowledge thereof, and his statement of such facts and data and the sources of his information shall be subject to impeachment and rebuttal") (repealed).

[5] 75 Pa. C.S. § 1738.

the other.[6]  *See Pignetti v. Dep't of Transp.* (Pa. Cmwlth., Nos. 1196 C.D. 2021 and 1197 C.D. 2021, filed Feb. 6, 2023), slip op. at 13 ("Mr. Pignetti did not testify regarding the effects of the loss of one of the parcels on the other, or on his electrical business in general.").  Accordingly, in my view, the Pignettis failed to meet the requirements of Section 705 of the Code.

For these reasons, I respectfully dissent.

Justices Donohue and McCaffery join this dissenting opinion.

---

[6] I emphasize that Mr. Pignetti and Jennifer Pignetti (Pignettis) never asserted that their third property containing the main office for Mr. Pignetti's electrical business should have been included in PennDOT's declaration of taking or should have been assessed along with the two parcels at issue as one parcel under Section 705 of the Code.